Noah Charles **KARNES**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 05–93–00102–CR—05–93–00104–CR.

Court of Appeals of Texas,
Dallas.

Feb. 23, 1994.

Garland D. Cardwell, Sherman, for appellant.

Thomas H. Fowler, Sherman, for appellee.

Before BAKER, BURNETT and ROSENBERG, JJ.

## OPINION

ROSENBERG, Justice.

Noah Charles Karnes, Jr. appeals his jury convictions for aggravated sexual assault of a child under fourteen years of age. The jury assessed an enhanced sentence of ninety-nine years' confinement and a $10,000 fine in each case. Appellant brings six points of error. Appellant contends that the trial court erred by (1) denying his motion to dismiss the indictments due to pre-indictment delay, (2) excluding admissible evidence, (3) exempting a witness from the "exclusion rule," (4) denying his motion to quash the indictments, and (5) overruling his objection to improper jury argument. Appellant also contends that the evidence is insufficient to sustain his convictions. Appellant's contentions are without merit. We affirm the trial court's judgments.

## SUFFICIENCY OF THE EVIDENCE

■ In point of error four, appellant contends that the evidence is insufficient to support his convictions. Appellant asserts that the evidence does not prove that he intentionally and knowingly caused the sexual organ of an animal to penetrate the sexual organ of J__ or the anuses of C__ and S__. The State contends that the evidence is sufficient to establish each element of the offenses.

■ When evaluating the sufficiency of the evidence, appellate courts must review the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Upton v. State,* 853 S.W.2d 548, 551 (Tex.Crim.App.1993); *Brewer v. State,* 852 S.W.2d 643, 645 (Tex.App.—Dallas 1993, pet. ref'd).

■ The fact finder, as the exclusive judge of the facts, the witnesses' credibility, and the weight given their testimony, is free to believe or disbelieve the testimony of any witness. *Flanagan v. State,* 675 S.W.2d 734, 746 (Tex.Crim.App.1982) (op. on reh'g). The trier of fact may reconcile conflicts in the testimony and accept or reject any or all of the evidence on either side. *See Adelman v. State,* 828 S.W.2d 418, 421 (Tex.Crim.App. 1992). The fact finder need not believe even uncontroverted testimony. *See Johnson v. State,* 571 S.W.2d 170, 173 (Tex.Crim.App. 1978). Additionally, the fact finder may draw reasonable inferences and make reasonable deductions from the evidence. *Benavides v. State,* 763 S.W.2d 587, 588–89 (Tex.App.—Corpus Christi 1988, pet. ref'd).

In applying these standards, the incriminating evidence is as follows. J__ and her brothers, C__ and G__, returned home from school to find appellant, their mother, and brother, S__, in the front room. J__ testified that she saw appellant making S__ get on his hands and knees so appellant could put the

dog's penis in S__'s bottom. J__ explained that her mother was holding the dog and standing him up on two legs while appellant held the dog's front paws and pushed the dog's penis into S__'s bottom.

J__ testified that appellant told her and her brothers to get undressed. J__ testified that appellant did the same thing to her, C__, and G__ that he had done to S__. J__ further testified that appellant and her mother laid the dog down and made her sit on him. J__ testified that she sat on the dog's penis, and the dog's penis touched her vagina. J__ explained that the dog's penis touched her "down there where you pee-pee." She explained that she knew that the dog's penis touched down there because she could feel it. The State also admitted into evidence J__'s drawings which depicted J__ sitting on the dog.

S__ testified that the dog's penis went in his behind. S__ testified that he felt something when the dog's penis went in his behind, but it did not hurt. C__ testified that the dog stuck his penis in his bottom. C__ testified that it hurt when the dog's penis was put in his bottom. G__ testified that appellant would get the dog hard and make the dog do it with his sister and brothers. G__ testified that appellant made the dog stick his private in his sister. G__ explained that the dog's private went into J__'s "middle's part, where she pees."

The State relied on the children's testimony and their drawings to establish the elements of the offense of aggravated sexual assault as charged in the indictments.[1] Appellant testified in his own behalf and denied committing the offenses.

Appellant contends that the victims' testimony was not *sufficiently credible* to prove "actual physical penetration" without corroborating expert testimony or physical evidence that an animal's sexual organ can physically penetrate a person's female sexual organ or anus. Appellant concludes that the State did

---

1. The essential elements of aggravated sexual assault are set forth in section 22.021 of the Texas Penal Code. *See* Tex.Penal Code Ann. § 22.-021(a)(1)(B)(i) (Vernon 1989). The indictments allege that appellant intentionally and knowingly caused the sexual organ of an animal (1) to

penetrate the female sexual organ of J__, a child younger than 14 years of age and not the spouse of the defendant, and (2) to penetrate the anuses of C__ and S__, children younger than 14 years of age.

not meet its burden to prove the element of penetration beyond a reasonable doubt.

■ Appellant's contentions attack the credibility of the evidence, not its sufficiency. The jury determines the credibility of the evidence, not the appellate court. *See Williams v. State*, 692 S.W.2d 671, 676 (Tex.Crim.App.1984). Once the trial court determined that the children were competent to testify, the issue of credibility became the sole province of the jury.[2] The well-established principle that credibility is judged solely by the fact finder unequivocally applies to the testimony of a victim of a sexual assault. *See Turner v. State*, 732 S.W.2d 91, 92 (Tex.App.—Beaumont 1987, no pet.); *see also Dalgleish v. State*, 787 S.W.2d 531, 534 (Tex.App.—Beaumont 1990, pet. ref'd) (citing *Hohn v. State*, 538 S.W.2d 619, 621 (Tex.Crim.App.1976) and *Rhodes v. State*, 624 S.W.2d 770, 771 (Tex.App.—Houston [14th Dist.] 1981, no pet.)). The mere fact that the eye-witness-victims are children under the age of fourteen is of no relevance to this Court when reviewing the sufficiency of the evidence.

■ Furthermore, we are guided by the following principles when reviewing a sufficiency-of-the-evidence challenge. First, a child may testify using language appropriate for her age to describe the sexual assault, including the element of penetration. *Villalon v. State*, 791 S.W.2d 130, 134 (Tex.Crim.App.1990). We do not sit as a thirteenth juror to evaluate the weight to be given a witness' testimony based on her use of unsophisticated language or limited vocabulary. *Villalon*, 791 S.W.2d at 134. On the contrary, this Court may keep in mind a child-witness' lack of technical knowledge in accurately describing the parts of the body when reviewing the child's testimony. *Montoya v. State*, 841 S.W.2d 419, 422 (Tex.App.—Dallas 1992, pet. ref'd); *O'Hara v. State*, 837 S.W.2d 139, 142 (Tex.App.—Austin 1992, pet. ref'd) (citing *Clark v. State*, 558 S.W.2d 887, 889 (Tex.Crim.App.1977)); *Chase v. State*, 750 S.W.2d 41, 44 (Tex.App.—Fort Worth 1988, pet. ref'd); *Bryant v. State*, 685 S.W.2d 472, 474 (Tex.App.—Fort Worth 1985, pet. ref'd).

■ Second, the testimony of a sexual assault victim alone is sufficient evidence of penetration to support a conviction, even if the victim is a child. *Garcia v. State*, 563 S.W.2d 925, 928 (Tex.Crim.App. [Panel Op.] 1978); *Montoya*, 841 S.W.2d at 422; *O'Hara*, 837 S.W.2d at 141–42; *Hellums v. State*, 831 S.W.2d 545, 547 (Tex.App.—Austin 1992, no pet.); *Jones v. State*, 817 S.W.2d 854, 856 (Tex.App.—Houston [1st Dist.] 1991, no pet.); *Villanueva v. State*, 703 S.W.2d 244, 245 (Tex.App.—Corpus Christi 1985, no pet.); *see Gonzalez v. State*, 647 S.W.2d 369, 371 (Tex.App.—Corpus Christi 1983, pet. ref'd).

■ Third, the court of criminal appeals recently defined the term penetration within the meaning of the aggravated sexual assault statute. TEX.PENAL CODE ANN. § 22.021 (Vernon 1989); *Vernon v. State*, 841 S.W.2d 407 (Tex.Crim.App.1992). Penetration, within the meaning of section 22.021 of the penal code, occurs so long as contact with the female sexual organ could reasonably be regarded by ordinary English speakers as more intrusive than contact with outer vaginal lips. *Vernon*, 841 S.W.2d at 409. Penetration of the vaginal canal is not required to prove penetration. *Vernon*, 841 S.W.2d at 409. "Female sexual organ" is a more general term than "vagina" and refers to the entire female genitalia, including both vagina and the vulva. *Aylor v. State*, 727 S.W.2d 727, 729 (Tex.App.—Austin 1987, pet. ref'd). Touching beneath the fold of the external genitalia amounts to penetration within the meaning of the aggravated sexual assault statute. *Vernon*, 841 S.W.2d at 409.

---

2. At no time did appellant object to the children's competence to testify. Nor has appellant raised competency as a point of error on appeal. Therefore, appellant has not preserved a competency complaint for appellate review. *See* TEX. R.APP.P. 52(a); *Grayson v. State*, 786 S.W.2d 504 (Tex.App.—Dallas 1990, no pet.). Even if error were preserved, the issue of competency is a matter for resolution by the trial court, and the trial court's decision will not be disturbed on appeal absent an abuse of discretion. *Garcia v. State*, 573 S.W.2d 12, 14 (Tex.Crim.App. [Panel Op.] 1978). The trial court conducted a hearing outside the presence of the jury to determine the children's competence to testify. *See* TEX.R.CRIM. EVID. 601(a)(2). We have reviewed the record. The record supports the trial court's finding of competency.

The children's testimony established each element of the offense as alleged in the indictments. Nevertheless, appellant contends that the State must present an expert's testimony to establish that a dog's penis *could* physically penetrate a human's sexual organ or anus.

Again, appellant's contention attacks the credibility of the witnesses, not the sufficiency of the evidence. The children fully described the specific details of the sexual assault. Penetration, regardless of the object being used, is a matter within the knowledge of an ordinary person about which a complainant may testify. *Garcia*, 563 S.W.2d at 928; *Hellums*, 831 S.W.2d at 547; *Jones*, 817 S.W.2d at 856. Accordingly, a reasonable trier of fact could determine solely from the children's testimony that an animal's sexual organ can physically penetrate a person's anus or female sexual organ. Appellant's contention is without merit.

Once the jury has made its decision in assessing and weighing the probative value of the evidence, this Court may not re-evaluate the probative value of an individual item of evidence in its review of the sufficiency of the evidence. *Fernandez v. State*, 805 S.W.2d 451, 457 (Tex.Crim.App.1991). We conclude that the jury could have found beyond a reasonable doubt the essential elements of the offense of aggravated sexual assault as alleged in the indictments. We overrule appellant's fourth point of error.

## MOTION TO DISMISS THE INDICTMENT

In point of error one, appellant contends that the trial court erred in denying his motion to dismiss the indictments as a result of pre-indictment delay. Specifically, appellant asserts that the State did not indict him until three years after the date of the alleged offenses. Appellant claims that the State waited to indict him for the sole purpose of seeking consecutive sentences, thereby gaining a tactical advantage. Appellant concludes that the State participated in selective prosecution and prosecutorial vindictiveness

because of the nature of the alleged offenses. The State responds that appellant did not meet his burden to prove an intentional delay designed to give the State a tactical advantage which substantially prejudiced appellant's right to a fair trial.

To decide this point of error, we must address the nature of the proceedings against appellant and the substance of the record before us. The grand jury indicted appellant for three first-degree felony offenses of aggravated sexual assault of a child, occurring on or about September 1, 1988. The trial court consolidated the indictments for trial.

Appellant and the State agreed that the discovery and pre-trial matters in this trial were essentially identical to matters decided upon by the same judge in an earlier aggravated sexual assault case involving appellant.[3] Consequently, appellant and the State filed an agreed motion to have Judge Fry's rulings on appellant's motions for discovery and pre-trial matters in the earlier trial apply to the present trial now on appeal. The agreed motion incorporated appellant's motion to dismiss the indictments as a result of pre-indictment delay.

The record before this Court, however, does not contain a written order from the trial court granting the parties' "Agreement and Motion Regarding Rulings on Defendant's Motions for Discovery and Pre–Trial Matters." Further, a thorough review of the statement of facts indicates that the trial judge did not pronounce an order from the bench granting the agreed motion. Consequently, we must conclude that Judge Fry did not rule on the agreed motion to incorporate his pre-trial rulings from appellant's previous trial.

By failing to obtain an order granting the agreed motion, appellant did not secure an adverse ruling with respect to the motion to dismiss the indictments due to pre-indictment delay. In order to preserve a complaint for appellate review, a party must present to the trial court a timely motion and

---

**3.** The Honorable James R. Fry presided in both trials. In the earlier case, appellant filed a pretrial motion to dismiss the indictments due to pre-indictment delay. Judge Fry denied the motion.

obtain an adverse ruling. Tex.R.App.P. 52(a); *Gaines v. State*, 789 S.W.2d 926, 927 (Tex.App.—Dallas 1990, no pet.). Because nothing is presented for review, we overrule point of error one.

## ADMISSIBILITY OF EVIDENCE

In point of error two, appellant contends that the trial court should have permitted him to offer additional evidence and testimony that J__ had made false allegations of sexual abuse against other people. Specifically, appellant asserts that he sought to elicit testimony to impeach J__'s credibility through (1) cross-examination of J__, (2) cross-examination of other State witnesses, and (3) direct examination of third parties. Appellant, in presenting his argument, refers to J__'s allegations about Noah Charles Karnes, Sr., Zelma Karnes, Joe Neasbitt, Terry Jones, and *others*. This Court will consider appellant's point of error only with respect to the specified individuals and only as to their direct testimony and the cross-examination of J__ about these named individuals.

The State filed a motion in limine to obtain a ruling that appellant could not introduce evidence and testimony about J__'s prior allegations of sexual abuse against persons other than appellant. At the pre-trial hearing on the State's motion in limine, the trial court concluded:

> I am going to grant your motion in limine only as to the extent that before we go into these matters, I want everybody to approach the bench and we will take it up outside the hearing. I think it is something we will have to take on a question by question basis of what it is that you are attempting to offer. . . .

After further discussion regarding testimony from third parties about J__'s prior allegations of sexual abuse, the trial court stated:

> I am going to stick with my prior ruling, Counsel, that I am not going to ... I will take this up on a case by case basis on whatever it is once before we begin with the testimony. I will sustain the motion in limine to that extent at this time. I want everybody to understand that I think some

of this probably will end up being admissible.

From the mere granting of a motion in limine, it is not possible for the reviewing court to know what specific evidence has been excluded. It is upon the offer and exclusion of specific evidence that the record is made to show what in fact the trial court excluded from presentation to the jury. *Basham v. State*, 608 S.W.2d 677, 679 (Tex.Crim. App. [Panel Op.] 1980). In his appellate brief, appellant provides this Court with one relevant citation to the record: an offer of proof concerning the extent to which appellant could cross-examine J__ regarding prior allegations of sexual abuse against others.

With respect to this in-camera hearing, the trial court told appellant's counsel:

> I am going to bring the jury back in and I am going to rule that you can ask the questions that you previously asked of this witness.

Because the trial court specifically ruled that appellant could ask all the questions he had previously asked, appellant did not receive an adverse ruling at the close of this in-camera hearing. The sole citation to the record does not direct this Court's attention to any specific evidence which the trial court improperly excluded from presentation to the jury.

■ To determine whether the trial court improperly excluded evidence, this Court must diligently search the statement of facts to discover when appellant objected, if ever, when the trial court sustained the objection, and then determine whether the record shows the substance of that excluded testimony. It is not the reviewing Court's duty to perform such a task. A defendant cannot claim error when he does not point out where in the record there was evidence of the claimed error. *See Routledge v. State*, 834 S.W.2d 452, 456 (Tex.App.—Fort Worth 1992, pet. ref'd).

Nevertheless, this Court has extensively examined the record. The trial court placed two restrictions on appellant's cross-examination of J__ with respect to prior allegations of sexual abuse.

■ First, the trial court informed appellant that it would not allow defense counsel

to question J— about her allegations of sexual abuse by Noah Charles Karnes, Sr. and Zelma Karnes. Appellant made an offer of proof. However, the trial court removed this restriction when J— voluntarily discussed the things that her grandfather had done to her. The trial court subsequently ruled that defense counsel could question J— about her allegations against her grandparents. Consequently, appellant did in fact cross-examine J— regarding her allegations against Noah Charles Karnes, Sr., Zelma Karnes, Joe Neasbitt, and "Terry." Nothing is preserved for error. TEX.R.APP.P. 52(a).

■ The second restriction placed on appellant occurred when appellant attempted to bring Terry Jones into the court room to have J— identify him as one of the men who J— alleged had paid appellant money to have sex with her. During an in-camera hearing, appellant had asked J— if she recognized Terry Jones, and J— testified that she did not. J— testified outside the presence of the jury that this man was not the "Terry" about whom she had made an allegation. At trial, the State objected to appellant's attempt to have J— identify him because J— had already testified that he was not the same "Terry." The trial court sustained the objection and did not allow appellant to question J— regarding whether she recognized Terry Jones as the man about whom she had made an allegation. J—'s identification of Terry Jones as a man she did not recognize and against whom she did not make an allegation was irrelevant to J—'s credibility. Consequently, the trial court did not err in refusing to allow the defense counsel to ask J— to identify Terry Jones as a man she did not know. TEX.R.CRIM.EVID. 403.

■ At trial, the court permitted Joe Neasbitt and Zelma Karnes to testify before the jury and discuss J—'s accusations of prior sexual abuse. Zelma Karnes testified extensively about J—'s prior allegations against Noah Charles Karnes, Sr. and about her belief concerning the falsity of those charges. Appellant did not request nor did the trial court refuse to allow further testimony by Neasbitt and Karnes about J—'s allegations of sexual abuse. Neither Noah Charles Karnes, Sr. nor Terry Jones testified. How-

ever, the trial court did not exclude their testimony nor did appellant make an offer of proof as to what their testimony would have been. In the absence of an offer and exclusion of testimony, nothing is presented for review. *Basham,* 608 S.W.2d at 679. Accordingly, we overrule point of error two.

### EXCLUSION FROM "THE RULE"

■ In point of error three, appellant contends that the trial court erred in allowing Dr. Cynthia Martin–Cannici to remain in the courtroom after excluding all witnesses from hearing the testimony of other witnesses. *See* TEX.R.CRIM.EVID. 613. The State contends that Dr. Cynthia Martin–Cannici, although a designated witness, did not testify at appellant's trial. Therefore, any error in exempting Dr. Martin–Cannici from rule 613 of the rules of criminal evidence would be harmless beyond a reasonable doubt.

We have carefully reviewed the record. Dr. Martin–Cannici did not testify at appellant's trial. Consequently, the trial court committed no error in allowing her presence during the trial. We overrule point of error three.

### MOTION TO QUASH THE INDICTMENT

■ In his fifth point of error, appellant asserts that the trial court erred by overruling his motion to quash the indictments. The State contends that the indictments are sufficient.

■ An indictment should charge an offense in plain and intelligible words with such certainty as to enable the accused to know against what he will be called upon to defend. *See Clark v. State,* 796 S.W.2d 551, 553 (Tex. App.—Dallas 1990, no pet.) (citing *Wilson v. State,* 520 S.W.2d 377, 379 (Tex.Crim.App. 1975)). Article I, section 10 of the Texas Constitution requires only that the defendant be given information from the face of the indictment upon which he may prepare his defense. *Voelkel v. State,* 501 S.W.2d 313, 314–15 (Tex.Crim.App.1973).

■ The indictment must afford the accused notice of the acts or omissions that

he has allegedly committed. *State v. Carter,* 810 S.W.2d 197, 199 (Tex.Crim.App.1991). Courts should quash an indictment only if it alleges the accused's conduct in terms so vague that it denies the accused effective notice of his own acts. *Daniels v. State,* 754 S.W.2d 214, 220 (Tex.Crim.App.1988). The appellate standard of review is whether the trial court abused its discretion. *Thomas v. State,* 621 S.W.2d 158, 163 (Tex.Crim.App. 1981) (op. on reh'g).

The three separate indictments allege that on or about September 1, 1988, appellant:

did then and there intentionally and knowingly, cause the sexual organ of an animal to penetrate the female sexual organ of [J___], a child who was then and there younger than 14 years of age and not the spouse of the defendant.

did then and there intentionally and knowingly, cause the sexual organ of an animal to penetrate the anus of [S___], a child who was then and there younger than 14 years of age.

did then and there intentionally and knowingly, cause the sexual organ of an animal to penetrate the anus of [C___], a child who was then and there younger than 14 years of age.

■ An indictment is not defective if it alleges the elements of the offense. *See State v. Winskey,* 790 S.W.2d 641, 642 (Tex. Crim.App.1990). The indictments allege each element of the offense of aggravated sexual assault of a child under fourteen years of age. *See* TEX.PENAL CODE ANN. § 22.-021(a)(1)(B)(i) (Vernon 1989).

Nevertheless, appellant contends that the indictments did not provide adequate notice because they did not allege (1) how appellant caused the sexual organ of an animal to penetrate the female sexual organ or anus of the children, or (2) what kind of animal was used. The State, however, does not have to plead evidentiary facts not essential to either providing notice or supporting a plea in bar. *Moreno v. State,* 721 S.W.2d 295, 300 (Tex. Crim.App.1986).

We are not persuaded that the State must describe the type of animal or the specific details by which appellant committed the sexual assault to provide appellant with notice of the alleged acts and to allow appellant to prepare his defense. *See Montgomery v. State,* 704 S.W.2d 359, 362–63 (Tex.App.—Corpus Christi 1985, pet. ref'd) (indictment which alleges injury to a child need not specify the manner or means by which the injury occurred or the exact nature of the injury); *Quevedo v. State,* 661 S.W.2d 321, 323 (Tex. App.—Corpus Christi 1983, pet. ref'd) (indictment which alleges aggravated rape need not specify specific acts or words by which defendant threatened complainant). The method by which appellant accomplished the offense alleged in the indictments, including what type of animal was used, is an evidentiary fact and is not essential to giving notice. *See Thomas,* 621 S.W.2d at 161; *Smith v. State,* 502 S.W.2d 133, 134 (Tex.Crim.App. 1973).

Appellant received notice of the acts that he allegedly committed which constitute the basis of the criminal actions against him. *See Adams v. State,* 707 S.W.2d 900, 901 (Tex.Crim.App.1986). The indictments track the statutory language and are legally sufficient. *See* TEX.PENAL CODE ANN. § 22.-021(a)(1)(B)(i) (Vernon 1989); *Beck v. State,* 682 S.W.2d 550, 554 (Tex.Crim.App.1985); *Phillips v. State,* 597 S.W.2d 929, 934 (Tex. Crim.App. [Panel Op.] 1980). We conclude that no error is shown.

■ Furthermore, it is incumbent that an appellant show how the indictments' failure to give notice impacted his ability to prepare a defense, and if so, how great an impact it was. *Adams,* 707 S.W.2d at 903. Appellant testified in his own behalf and denied committing the offenses. Appellant's defense did not relate to the omission of any of the evidentiary facts he claims should have been included in the indictments. After carefully reviewing the record and performing the *Adams* harm analysis, we cannot find any prejudice to appellant's substantial rights caused by a failure of notice, if any. Nothing in the record suggests that appellant was unable to adequately prepare a defense. We overrule appellant's fifth point of error.

## JURY ARGUMENT

■ In point of error six, appellant contends that the State committed reversible error by commenting on his failure to testify at the punishment stage of the trial. Appellant testified at the guilt-innocence phase of the trial but did not testify at his punishment hearing.

During the State's closing argument at the punishment hearing, the following occurred:

[PROSECUTOR]: As to his flicker of hope, I stomp on his flicker of hope. To hell with Noah Charles Karnes! That is where he ought to go! And if we could do it, everybody in this room would send him there right now.

[DEFENSE COUNSEL]: Judge, I object to trying to put that kind of pressure on a jury to somehow think this is what these people want. That is improper influence on the jury. That is improper pressure. He knows that.

[THE COURT]: Overruled, Counsel. This is closing argument.

[PROSECUTOR]: Flicker of hope. Flicker of hope for Karnes? What about the flicker of hope for these kids and their new family? *He wants you to think that Karnes can be rehabilitated. Did you hear any evidence from Mr. Karnes's own lips that he can be rehabilitated? Did he say, yes, I did it, and I need help? No. Please help me. Did he say that yesterday? No.* He has been down in the pen for what? Two years now? Has he gotten any help? No, he doesn't need any help. *He doesn't think what he did was bad. You can't get rehabilitated until you say I did something wrong and he hasn't done that.*

(Emphasis added.) Appellant argues that the prosecutor's statements were a direct comment on his failure to testify that he was sorry or remorseful for the offenses he committed. Appellant contends that the argument called for testimony that only he could have supplied.

The State contends that appellant did not preserve this complaint for review because his objection does not comport with his point of error on appeal. Alternatively, the State contends that the prosecutor did not discuss remorse or sorrow, but referred to appellant's failure to seek rehabilitation, counseling, or help in response to defense counsel's earlier plea for a shorter prison sentence due to the possibility of appellant's rehabilitation in prison.

To preserve a complaint for review, a party must present to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling he desires the court to make if the specific grounds are not apparent from the context. TEX.R.APP.P. 52(a); *Wilkins v. State,* 818 S.W.2d 844, 846 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd). Appellant objected immediately following the prosecutor's remark about sending appellant to hell. Appellant stated that the argument was improper pressure and influence on the jury.

This objection to "improper influence" does not object to the jury argument as being a comment on appellant's failure to testify. There is no connection or similarity between the objection made before the trial court and the complaint appellant asserts on appeal. Appellant may not use an objection stating one legal basis to support a different legal theory on appeal. *Rezac v. State,* 782 S.W.2d 869, 870 (Tex.Crim.App.1990); *Cravens v. State,* 687 S.W.2d 748, 752 (Tex.Crim. App.1985). Because the objection at trial differs from the argument on appeal, appellant preserved nothing for review. TEX. R.APP.P. 52(a); *Nelson v. State,* 607 S.W.2d 554, 555 (Tex.Crim.App.1980); *Cunningham v. State,* 815 S.W.2d 313, 318 (Tex.App.— Dallas 1991, no pet.).

■ Consequently, the prosecutor's argument regarding rehabilitation and the fact that "he doesn't think he did anything bad" came in without objection. *See Macias v. State,* 776 S.W.2d 255, 259 (Tex.App.—San Antonio 1989, pet. ref'd). Although there must be a timely, proper, specific objection to a prosecutor's complained-of jury argument for the defendant to preserve the complaint for appellate review, the courts recognize an exception to this general rule. *Miller v. State,* 741 S.W.2d 382, 391 (Tex.Crim.App. 1987), *cert. denied,* 486 U.S. 1061, 108 S.Ct. 2835, 100 L.Ed.2d 935 (1988). The exception

is when improper argument creates a fourteenth amendment due process violation because the prosecutor's argument "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Miller,* 741 S.W.2d at 391.

We recognize that the unobjected-to argument may be improper under *Sauceda v. State,* 859 S.W.2d 469, 474–75 (Tex.App.— Dallas 1993, pet. ref'd).[4] To the extent the prosecutor's comments alluded to appellant's failure to testify at the punishment stage of the trial and was a reference to what the jury had not heard appellant say, the argument was improper. *Sauceda,* 859 S.W.2d at 474; *Swallow v. State,* 829 S.W.2d 223, 226 (Tex. Crim.App.1992). We now turn to the question of whether the *Miller* exception applies.

After a careful review of the entire record, we determine that the exception under *Miller* does not apply to the instant case. The prosecutor's argument was not so inflammatory that its prejudicial effect could not have been alleviated by an instruction to disregard. *See Miller,* 741 S.W.2d at 391; *Montoya v. State,* 744 S.W.2d 15, 32 (Tex.Crim. App.1987), *cert. denied,* 487 U.S. 1227, 108 S.Ct. 2887, 101 L.Ed.2d 921 (1988); *Curtis v. State,* 640 S.W.2d 615, 618–19 n. 4 (Tex.Crim. App.1982). Furthermore, the prosecutor's remarks were invited by defense counsel's argument. *See Nethery v. State,* 692 S.W.2d 686, 703 (Tex.Crim.App.1985), *cert. denied,* 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986) (State's reference to motive is not reversible error if invited by defense counsel's argument). The prosecutor's statements were in direct response to defense counsel's pleas that appellant was not beyond help, he could be rehabilitated, and a five-

year sentence would be enough to provide him with counseling. *See Overstreet v. State,* 470 S.W.2d 653, 655 (Tex.Crim.App.1971). While the prosecutor's reference to appellant's failure to say he did something wrong was improper, the gist of the prosecutor's argument was invited. *See Nethery,* 692 S.W.2d at 703; *Overstreet,* 470 S.W.2d at 655.

Considering the entire record, it is apparent that the prosecutor was not intentionally attempting to taint the punishment hearing with improper argument of an inflammatory nature. Any reference to appellant's failure to testify at the latter stage of trial could have been cured by a judicial instruction to disregard. *See Montoya,* 744 S.W.2d at 32. Consequently, appellant's failure to object and request such a curative instruction waives error. We overrule point of error six.

We affirm the trial court's judgments.

---

4. The State does not concede that the prosecutor's argument was a comment on appellant's failure to testify. The State argues that appellant discussed his previous prison term during the guilt-innocence phase of his trial but did not testify that he sought rehabilitation. The State asserts that in assessing punishment, the jury may consider all the evidence adduced during the guilt-innocence phase. Therefore, concludes the State, the prosecutor's argument about rehabilitation is not a comment on appellant's failure to testify at his punishment hearing. The State also argues that others, besides appellant, could testify about whether appellant sought rehabilitation while in prison.

The State's comment that "[appellant] didn't think what he did was bad" and "you can't get rehabilitated until you say I did something wrong and he hasn't done that" called the jury's attention to the absence of evidence that only appellant's testimony could supply. The argument places appellant in the paradoxical position of saying, "What I did was wrong, and I should seek help for offenses of which I am not guilty." Under *Sauceda,* the jury could take the prosecutor's remarks as a comment on appellant's failure himself to acknowledge his guilt, acknowledge the wrongfulness of his acts, and testify that he believes he needs rehabilitation. 859 S.W.2d at 474–75.