Affirmed and Memorandum Opinion filed January 19, 2006









Affirmed and Memorandum Opinion filed January 19, 2006.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00647-CR

_______________

 

ANDREW VALDIVIA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

____________________________________________________

 

On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 963,085

____________________________________________________

 

M E M O R A N D
U M    O P I N I O N

Appellant, Andrew Valdivia, appeals a conviction for
aggravated sexual assault.  In one issue,
appellant contends that the evidence is factually insufficient to support his
conviction.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion and
affirm.  See Tex. R. App. P. 47.4.

Background








Appellant lived with his girlfriend, the complainant, and
their young son.  In September of 2003,
an argument ensued between appellant and complainant.  Appellant pushed the complainant, slapped her
in the face, head, and ear, and struck the back of her shoulders, arms, and
legs with a belt.  

Appellant then went to the kitchen to get a knife.  He cut the complainant=s thumb and told her to go to the
bathroom to clean up the blood. 
Appellant cursed at the complainant, and told her that she was Adirty@ and a Aslut.@ 
Appellant ordered the complainant to stick her head in the toilet.  After she complied, he ordered her to sit on
the toilet.  He said that he bet he could
put a knife inside her and turn it around without her feeling anything.  Appellant then forcibly spread the
complainant=s legs apart and moved towards her
with the knife.  The complainant felt a
prick on the inside of her vagina.  She
jumped up, and appellant decided Ait wasn=t worth it@ to proceed.  He rinsed off the knife in the sink and
walked away.

Moments later, appellant got another knife from the kitchen
and held the dull end of the blade against the complainant=s throat.  He then scraped the knife over her body,
causing cuts to her chest, shoulder, and neck. 
Appellant also tried to insert the apartment key in her anus but gave up
when the complainant Asquirmed.@  Appellant eventually
left the apartment, but threatened to kill the complainant if she left.  The complainant waited approximately fifteen
minutes before she got dressed and got her son. 
She hid under the stairwell until she spotted a man with a cell
phone.  She called the police, her
mother, and her friend.  Her friend took
her to the hospital.  A jury found
appellant guilty of aggravated sexual assault, and assessed punishment at forty
years= confinement.

Discussion








In his sole issue, appellant challenges the factual
sufficiency of the evidence to support the jury=s verdict.  In reviewing the evidence for factual
sufficiency, we must view all of the evidence in a neutral light, and must set
aside the verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust.  Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996).  Evidence may be factually
insufficient if (1) the evidence supporting the verdict alone is too weak to
justify a finding of guilt beyond a reasonable doubt, or (2) the contrary
evidence is so strong that it would prevent a reasonable jury from finding
guilt beyond a reasonable doubt.  Zuniga
v. State, 144 S.W.3d 477, 484B85 (Tex. Crim. App. 2004).

Section 22.021 of the Texas Penal Code provides in relevant
part that a person commits the offense of aggravated sexual assault if he or
she intentionally or knowingly causes the penetration of the sexual organ of
another person by any means, without the person=s consent, and the person uses or
exhibits a deadly weapon in the course of the same criminal episode.  Tex.
Penal Code Ann. '' 22.021(a)(1)(A)(I); 22.021(a)(2)(A)(iv) (Vernon Supp.
2005).  

Here, appellant challenges the factual sufficiency of the
evidence supporting the jury=s finding that appellant caused penetration of the
complainant=s sexual organ.  The terms Afemale sexual organ@ and Apenetration@ are not statutorily defined.  However, courts have held that the Afemale sexual organ@ encompasses the entire female
genitalia including the vagina and the vulva. 
Karnes v. State, 873 S.W.2d 92, 96 (Tex. App.CDallas 1994, no pet.); Everage v.
State, 848 S.W.2d 357, 358 (Tex. App.CAustin 1993, no pet.).  APenetration@ has also been defined as touching
beneath the fold of the external genitalia. 
Vernon v. State, 841 S.W.2d 407, 409B10 (Tex. Crim. App. 1992);
Karnes, 873 S.W.2d at 96.  Thus,
penetration of the vaginal canal is not required to prove Apenetration@ under the Texas Penal Code.  See Vernon, 841 S.W.2d at
409.  








The complainant testified that she felt the knife prick her
vagina.  The medical evidence revealed a
laceration near her urethra Awith muscosa just deep enough to penetrate through the
surface of the vaginal mucosa but not deep enough to penetrate the muscular
tissue,@ and the examining doctor testified
that the laceration was consistent with an injury inflicted by the tip of a
knife blade.  The doctor further
testified that the laceration found would be covered by the fold of the
external genitalia in the normal position, but would be exposed if the woman=s legs were spread.  Appellant argues that because complainant=s legs were already spread open at
the time he cut her with the knife, he did not cause penetration. However,
appellant ignores the fact that he forcibly spread the complainant=s legs to expose the area.  See Vernon, 841 S.W.2d at 409B10 (holding that Apushing aside and reaching beneath a
natural fold of skin into an area of the body not usually exposed to view@ amounts to Apenetration@). 

Therefore, we find that the evidence supporting the verdict
is not too weak to justify a finding of guilt beyond a reasonable doubt.  Nor is the contrary evidence so strong that
it would prevent a reasonable jury from finding guilt beyond a reasonable
doubt.  Accordingly, we overrule
appellant=s sole issue and affirm the judgment
of the trial court.  

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed January 19, 2006.

Panel consists of
Justices Hudson, Frost, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).