NO. 07-07-00036-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JUNE
28, 2010

 



 

ROBERT L. GONZALES, JR., APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2006-414,463; HONORABLE CECIL G. PURYEAR, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL, J., and BOYD, S.J.[1]

 

 

MEMORANDUM OPINION

 

Appellant
Robert L. Gonzales, Jr. appealed from his jury conviction of two counts of
aggravated sexual assault and the resulting two concurrent sentences of life
imprisonment.  In our
opinion, Gonzales v. State, No.
07-07-0036-CR, 2009 Tex.App. LEXIS 1435 (Tex.App.—Amarillo Feb. 27, 2009) (mem.
op., not designated for publication), we affirmed the trial court=s judgment as to one count and
vacated the judgment as to the other count, finding that conviction of both
counts violated the Double Jeopardy Clause. The Court of Criminal Appeals
reversed our decision, finding no double jeopardy violation, and remanded the cause for our consideration of the third point of error
appellant raised in his appeal.  Gonzales v. State, 304
S.W.3d 838 (Tex. Crim.App. 2010).

Appellant’s
third point asserted error in the court’s charge.  He argues the
charge included an Aoverly expansive@ and improper definition of the term Afemale sexual organ,@ pertinent to the count
charging appellant with aggravated
sexual assault of his eight-year-old daughter by penetration of her sexual
organ.  The
charge defined the term as follows: A>Female sexual organ=@ means and includes the vulva or tissue
immediately surrounding the vagina and the vagina and female genitalia or any
parts between the labia of the female genitalia.@  Appellant
objected to the definition, stating that the instruction amounted to an
improper comment on the evidence and would confuse or mislead the jury.  Appellant also objected on the basis that the
phrase is not statutorily defined and thus should be left to the jury to define
in accordance with common usage. 

Appellant cites Vernon
v. State, 841 S.W.2d 407 (Tex.Crim.App. 1992) and
Oliva v. State, 942 S.W.2d 727 (Tex.App.BHouston [14th
Dist.] 1997, pet. dismissed) to support his contention the
definition was improper.  However, these
cases note only that because the term Afemale sexual organ@ is not defined by statute, the jury is free to
apply the term through its common and ordinary meaning.  Neither case stands for the proposition that
a trial court is prohibited from providing a definition that will assist the
jury.

 

Appellant=s specific objection to
the definition of Afemale sexual organ@ included in the court=s charge has been
rejected in other cases in which courts have given an almost identical
definition.  See Lara v. State,
No. 05-02-00611-CR, 05-02-00612BCR, 2003 WL 42418 (Tex.App.BDallas
January 7, 2003, pet. ref=d) (mem. op., not
designated for publication); Ralph v. State, No. 05-00-00706-CR, 2001 WL
522009 (Tex.App.BDallas May 17, 2001, pet. ref=d) (mem.
op., not designated for publication) (both discussing inclusion of same
definition of Afemale sexual organ@ as that supplied here
and finding the trial court did not abuse its discretion) (each citing Karnes
v. State, 873 S.W.2d 92, 96 (Tex.App.BDallas
1994, no pet.).  Like the Dallas court, we
find no abuse of discretion in the trial court=s inclusion of its definition of the term Afemale sexual organ,@ and overrule appellant=s third point of error. 

            All appellant’s points of error having been resolved
against him, we affirm the trial court’s judgment.

                                    

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not publish.

            








 











[1]
John T. Boyd, Chief Justice
(Ret.), Seventh Court of Appeals, sitting by assignment.