NO. 07-07-00036-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 28, 2010

ROBERT L. GONZALES, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-414,463; HONORABLE CECIL G. PURYEAR, JUDGE

Before QUINN, C.J., and CAMPBELL, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant Robert L. Gonzales, Jr. appealed from his jury conviction of two counts of aggravated sexual assault and the resulting two concurrent sentences of life imprisonment. In our opinion, *Gonzales v. State,* No. 07-07-0036-CR, 2009 Tex.App. LEXIS 1435 (Tex.App.—Amarillo Feb. 27, 2009) (mem. op., not designated for publication), we affirmed the trial court's judgment as to one count and vacated the judgment as to the other count, finding that conviction of both counts violated the

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Double Jeopardy Clause. The Court of Criminal Appeals reversed our decision, finding no double jeopardy violation, and remanded the cause for our consideration of the third point of error appellant raised in his appeal. *Gonzales v. State,* 304 S.W.3d 838 (Tex. Crim.App. 2010).

Appellant's third point asserted error in the court's charge. He argues the charge included an "overly expansive" and improper definition of the term "female sexual organ," pertinent to the count charging appellant with aggravated sexual assault of his eight-year-old daughter by penetration of her sexual organ. The charge defined the term as follows: "'Female sexual organ'" means and includes the vulva or tissue immediately surrounding the vagina and the vagina and female genitalia or any parts between the labia of the female genitalia." Appellant objected to the definition, stating that the instruction amounted to an improper comment on the evidence and would confuse or mislead the jury. Appellant also objected on the basis that the phrase is not statutorily defined and thus should be left to the jury to define in accordance with common usage.

Appellant cites *Vernon v. State,* 841 S.W.2d 407 (Tex.Crim.App. 1992) and *Oliva v. State,* 942 S.W.2d 727 (Tex.App.–Houston [14th Dist.] 1997, pet. dismissed) to support his contention the definition was improper. However, these cases note only that because the term "female sexual organ" is not defined by statute, the jury is free to apply the term through its common and ordinary meaning. Neither case stands for the proposition that a trial court is prohibited from providing a definition that will assist the jury.

Appellant's specific objection to the definition of "female sexual organ" included in the court's charge has been rejected in other cases in which courts have given an almost identical definition.  *See Lara v. State,* No. 05-02-00611-CR, 05-02-00612–CR, 2003 WL 42418 (Tex.App.–Dallas January 7, 2003, pet. ref'd) (mem. op., not designated for publication); *Ralph v. State,* No. 05-00-00706-CR, 2001 WL 522009 (Tex.App.–Dallas May 17, 2001, pet. ref'd) (mem. op., not designated for publication) (both discussing inclusion of same definition of "female sexual organ" as that supplied here and finding the trial court did not abuse its discretion) (each citing *Karnes v. State,* 873 S.W.2d 92, 96 (Tex.App.–Dallas 1994, no pet.).  Like the Dallas court, we find no abuse of discretion in the trial court's inclusion of its definition of the term "female sexual organ," and overrule appellant's third point of error.

All appellant's points of error having been resolved against him, we affirm the trial court's judgment.


James T. Campbell
Justice


Do not publish.


3