**AFFIRM; and Opinion Filed June 27, 2018.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01316-CR

**ALEXANDER CARMOND, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F-1511050-Y**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Brown

A jury convicted appellant Alexander Carmond of aggravated sexual assault of a child, and the trial court sentenced him to forty years' confinement. In a single issue, appellant contends the evidence is insufficient to support his conviction and urges us to reform the trial court's judgment to reflect a conviction for the lesser-included offense of indecency with a child and remand for a new punishment hearing. We disagree and affirm the trial court's judgment.

BACKGROUND

On January 21, 2015, eight-year-old L.V. participated in a "We Help Ourselves" program at school. The program, which included a video on "Stranger Danger" and "Good Touch and Bad Touch," covered physical, sexual, and emotional abuse and encouraged students to talk to their parents. When she arrived home from school, L.V. communicated to her mother J.C. that

appellant, J.C.'s husband and L.V.'s step-father, had abused her. Specifically, he exposed himself, touched her vagina, and masturbated in front of her. J.C. took L.V. to the Balch Springs Police Department the next day and, at the direction of a police detective, arranged for L.V. to undergo a forensic interview at the Dallas Children's Advocacy Center and a medical exam at Children's Hospital.

The State subsequently indicted appellant with "intentionally and knowingly caus[ing] the penetration of the female sexual organ of [L.V.], a child, who was not then the spouse of [appellant], by an object, to-wit: the finger of [appellant], and at the time of the offense, the child was younger than fourteen years of age." Following a trial, the jury convicted appellant of the offense, and the trial court sentenced him to forty years' confinement.

APPLICABLE LAW

We review a challenge to the sufficiency of the evidence under the standard set out in *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). *Acosta v. State*, 429 S.W.3d 621, 624-25 (Tex. Crim. App. 2014). We examine all the evidence in the light most favorable to the verdict and determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2011). The factfinder must weigh the evidence, resolve conflicts in the testimony, and draw reasonable inferences from basic to ultimate facts. *Clayton*, 235 S.W.3d at 778. "[W]e determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence viewed in the light most favorable to the verdict." *Id.* If the record supports conflicting inferences, we defer to the factfinder's determination, presuming it resolved the conflicts in favor of the verdict. *Id.*

A person commits the offense of aggravated sexual assault of a child if that person intentionally or knowingly "causes the penetration of the . . . sexual organ of a child by any means."

TEX. PEN. CODE ANN. § 22.021(a)(1)(B)(i) (West 2011). The statute does not require vaginal penetration. *Vernon v. State*, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992). Instead, penetration occurs so long as contact with the female sexual organ "could reasonably be regarded by ordinary English speakers as more intrusive than contact with outer vaginal lips." *Id.* at 409-10; *see also Steadman v. State*, 280 S.W.3d 242, 247-48 (Tex. Crim. App. 2009); *Karnes v. State*, 873 S.W.2d 92, 96 (Tex. App.—Dallas 1994, no pet.) ("[t]ouching beneath the fold of the external genitalia amounts to penetration" within the meaning of section 22.021); *Aylor v. State*, 727 S.W. 2d 727, 729-30 (Tex. App.—Austin 1987, pet. ref'd).

Circumstantial evidence, which is as probative as direct evidence in establishing guilt, may prove penetration. *See Acosta*, 429 S.W.3d at 624-25; *Villalon v. State*, 791 S.W.3d 130, 133 (Tex. Crim. App. 1990). A child victim's testimony, standing alone and without corroboration, is sufficient to support a conviction of aggravated sexual assault of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1) (West Supp. 2017); *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd). A child's outcry testimony, without corroboration or substantiation, also may be legally sufficient evidence to support a conviction. *See Eubanks v. State*, 326 S.W.3d 231, 241 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

## ANALYSIS

In a single issue, appellant complains the State failed to prove beyond a reasonable doubt that he committed the offense of aggravated sexual assault of a child. Specifically, appellant contends the only evidence of penetration was L.V.'s testimony, which was undermined by "speculative and unreasonable evidence." To address appellant's issue, we must determine whether the evidence presented to the jury, viewed in the light most favorable to the guilty verdict, was sufficient for a rational jury to find appellant touched L.V.'s sexual organ with his finger.

Testifying at trial, appellant admitted to exposing himself to L.V. five times. The last incident occurred in December 2014, when L.V. was seven years old. L.V. sat on her bed, and appellant took her clothes off, exposed himself, touched her inappropriately around her vaginal area, masturbated, ejaculated into his hand, and walked out of the room. According to appellant, this was the only time he "rub[bed] all around her vagina," but, when asked how he touched her, he testified, "[u]sually, I would put my hand right next to her vagina or on the outside, I would use my pinky and my thumb to just spread it a little bit, as I began to masturbate."

L.V., nine-years-old at the time of trial, also testified about the December 2014 incident. She said appellant entered her bedroom and pulled her pants down. She ran to her bed, pulled up her pants and covered herself with a blanket. Appellant pulled the blanket off, pulled her pants and underwear down, and touched her private with his hand. He rubbed her private on the outside, but "it would not always stay on the outside." The prosecutor handed L.V. a Kleenex box and, telling L.V. the box was the outside of her vagina or private, asked L.V. to demonstrate what she meant by appellant touching on the outside and on the inside of her private. L.V. demonstrated, testifying that appellant had spread her vagina apart "from the inside." The record reflects that L.V. placed her fingers inside the Kleenex box's opening.

Forensic interviewer Kim Skidmore testified to L.V.'s outcry of abuse during a forensic interview at the Dallas Children's Advocacy Center four days after L.V. first told J.C. of the abuse. L.V. told Skidmore that appellant asked L.V. if she wanted to stay up late and play the mommy and daddy game. He told her to pull her pants down. She said no, so he pulled her pants and underwear down. She grabbed a blanket, but he pulled it off and began to touch her private while his pants were down and he touched his private. L.V. described appellant touching her private as "he was touching with his hands and his hands felt weird and nasty and that he touched the inside and he tried to spread it apart." L.V. also said "it hurt."

To show L.V.'s testimony was undermined by "speculation and unreasonable evidence," appellant cites the lack of physical or medical evidence to substantiate the allegation that he caused the penetration of L.V.'s sexual organ and the fact that L.V. did not tell J.C. or the police about any penetration, but only discussed it days later during her forensic interview with Skidmore. Appellant also contends the Kleenex box demonstration did not establish proof of penetration and notes Skidmore responded "no" when defense counsel asked whether L.V. ever said appellant "stuck his finger in her private part."

The jury was free to believe all or any part of the witnesses' testimony, including the testimony of L.V. *See Clayton*, 235 S.W.3d at 778; *Villalon*, 791 S.W.2d at 134. "We cannot expect the child victims of violent crimes to testify with the same clarity and ability as is expected of mature and capable adults" when conducting a sufficiency review. *Villalon*, 791 S.W.2d at 134. Yet, L.V. clearly testified that appellant's hand did "not always stay on the outside" of her private and, using the Kleenex box, demonstrated how appellant spread her private apart "from the inside." L.V.'s testimony alone is sufficient to support appellant's conviction. *See* CRIM. PROC. art. 38.07(a), (b)(1); *Tear*, 74 S.W.3d at 560. Moreover, Skidmore corroborated L.V.'s testimony. Although Skidmore testified that L.V. had not used the words "stuck his finger in her private part," L.V. did say appellant "touched the inside and he tried to spread it apart." The State was not required to prove vaginal penetration, but only contact with L.V.'s sexual organ that "could reasonably be regarded by ordinary English speakers as more intrusive than contact with outer vaginal lips." *See Vernon*, 841 S.W.2d at 409-10; *Karnes*, 873 S.W.2d at 96; PEN. § 22.021(a)(1)(B)(i).

Based on the record, we conclude a rational trier of fact could have found beyond a reasonable doubt that appellant penetrated L.V.'s sexual organ with his finger. Accordingly, we

conclude there is legally sufficient evidence to support appellant's conviction and overrule appellant's sole issue.

We affirm the trial court's judgment.


/Ada Brown/
ADA BROWN
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)

161316F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ALEXANDER CARMOND, Appellant

No. 05-16-01316-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. F-1511050-Y.
Opinion delivered by Justice Brown; Justices Bridges and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 27th day of June, 2018.