NO. 07-01-0346-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 12, 2001



______________________________




IN RE: DANNIE LEE MITCHELL



_________________________________









Before BOYD, C.J., and QUINN and JOHNSON, JJ.

 Relator Dannie Lee Mitchell applies for a writ of mandamus/prohibition directing
respondent, Honorable Bradley Underwood, to set aside relator's conviction in Cause No.
93-416,328 in the 364th District Court of Lubbock County, and to enter an order of
acquittal. We deny the petition. 

 Seeking a "writ of mandamus/prohibition," relator claims that the indictment
underlying his conviction in Cause No. 93-416,328 in the 364th District Court of Lubbock
County was defective, he was denied counsel before and at the time he pled guilty, and
he received ineffective assistance of counsel after he pled guilty. The documents attached
to relator's application for writ are copies of (1) an indictment of relator in Lubbock County
for robbery, enhanced by two prior felonies; (2) a judgment of guilty dated January 19,
1993, with a sentence of 25 years confinement in the TDC pursuant to a plea bargain; and
(3) an affidavit of inability to employ counsel and order signed by respondent on January
19, 1993, appointing counsel for relator in Cause No. 93-416,328 in Lubbock County.

 Relator asserts that the Court of Criminal Appeals has ruled that defects in an
indictment can be challenged at trial or on appeal. He does not allege or attach
documents, however, showing whether he or his counsel challenged the indictment
pretrial, filed a motion for new trial to assert his current claims of ineffective assistance of
counsel or errors in the indictment, whether he utilized his right to appeal from his
conviction to assert the claims he now makes, or whether he has sought relief post-trial as
permitted by the Code of Criminal Procedure. See Tex. Crim. Proc. Code Ann. art. 28.01
(pre-trial motions to challenge form or substance of indictment), art. 44.01 (defendant has
right of appeal), art. 11.07 (writ of habeas corpus seeking relief from felony judgment
imposing sentence other than death); Tong v. State, 25 S.W.3d 707, 712 (Tex.Crim.App.
2000) (appellant must offer proof as to ineffective assistance of counsel to prevail on such
claim); Reyes v. State, 849 S.W.2d 812, 815 (Tex.Crim.App. 1993) (a complaint of
ineffective assistance of counsel may be raised in a motion for new trial).

 A writ of mandamus is an extraordinary remedy that will issue only to correct a clear
abuse of discretion or the violation of a duty imposed by law when there is no other
adequate remedy by law. See Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305
(Tex. 1994). To establish an abuse of discretion, the complaining party must demonstrate
that the trial court acted unreasonably, arbitrarily, or without reference to guiding rules and
principles. See Downer v. Aquamarine Operators, 701 S.W.2d 238, 241-42 (Tex. 1985). 
It is the relator's burden to show entitlement to the relief being requested. See generally
Johnson v. Fourth District Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig.
proceeding). Relator must file with the petition a certified sworn copy of every document
that is material to the relator's claim for relief and that was filed in any underlying
proceeding and a properly authenticated transcript of any relevant testimony from any
underlying proceeding including any exhibits offered in evidence or a statement that no
testimony was adduced in connection with the matter about which complaint is made. Tex.
R. App. P. 52.7(a).

 Relator's pleadings do not demonstrate that he has not had and utilized, or that he
does not now have, a remedy provided by law other than mandamus relief. Accordingly,
(1) relator's Motion Request for Leave to File is granted; (2) relator's Motion of Request
to Suspend Number of Copies to be Filed is granted; (3) relator's "Writ of
Mandamus/Prohibition" is denied. Tex. R. App. P. 52.8(a). We offer no opinion on the
merits of relator's substantive claims as set out in his petition.

 

 Phil Johnson

 Justice




Do not publish.



="61" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light List"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-07-00036-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JUNE
28, 2010

 



 

ROBERT L. GONZALES, JR., APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2006-414,463; HONORABLE CECIL G. PURYEAR, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL, J., and BOYD, S.J.[1]

 

 

MEMORANDUM OPINION

 

Appellant
Robert L. Gonzales, Jr. appealed from his jury conviction of two counts of
aggravated sexual assault and the resulting two concurrent sentences of life
imprisonment.  In our
opinion, Gonzales v. State, No.
07-07-0036-CR, 2009 Tex.App. LEXIS 1435 (Tex.App.Amarillo Feb. 27, 2009) (mem.
op., not designated for publication), we affirmed the trial court=s judgment as to one count and
vacated the judgment as to the other count, finding that conviction of both
counts violated the Double Jeopardy Clause. The Court of Criminal Appeals
reversed our decision, finding no double jeopardy violation, and remanded the cause for our consideration of the third point of error
appellant raised in his appeal.  Gonzales v. State, 304
S.W.3d 838 (Tex. Crim.App. 2010).

Appellants
third point asserted error in the courts charge.  He argues the
charge included an Aoverly expansive@ and improper definition of the term Afemale sexual organ,@ pertinent to the count
charging appellant with aggravated
sexual assault of his eight-year-old daughter by penetration of her sexual
organ.  The
charge defined the term as follows: A>Female sexual organ=@ means and includes the vulva or tissue
immediately surrounding the vagina and the vagina and female genitalia or any
parts between the labia of the female genitalia.@  Appellant
objected to the definition, stating that the instruction amounted to an
improper comment on the evidence and would confuse or mislead the jury.  Appellant also objected on the basis that the
phrase is not statutorily defined and thus should be left to the jury to define
in accordance with common usage. 

Appellant cites Vernon
v. State, 841 S.W.2d 407 (Tex.Crim.App. 1992) and
Oliva v. State, 942 S.W.2d 727 (Tex.App.BHouston [14th
Dist.] 1997, pet. dismissed) to support his contention the
definition was improper.  However, these
cases note only that because the term Afemale sexual organ@ is not defined by statute, the jury is free to
apply the term through its common and ordinary meaning.  Neither case stands for the proposition that
a trial court is prohibited from providing a definition that will assist the
jury.

 

Appellant=s specific objection to
the definition of Afemale sexual organ@ included in the court=s charge has been
rejected in other cases in which courts have given an almost identical
definition.  See Lara v. State,
No. 05-02-00611-CR, 05-02-00612BCR, 2003 WL 42418 (Tex.App.BDallas
January 7, 2003, pet. ref=d) (mem. op., not
designated for publication); Ralph v. State, No. 05-00-00706-CR, 2001 WL
522009 (Tex.App.BDallas May 17, 2001, pet. ref=d) (mem.
op., not designated for publication) (both discussing inclusion of same
definition of Afemale sexual organ@ as that supplied here
and finding the trial court did not abuse its discretion) (each citing Karnes
v. State, 873 S.W.2d 92, 96 (Tex.App.BDallas
1994, no pet.).  Like the Dallas court, we
find no abuse of discretion in the trial court=s inclusion of its definition of the term Afemale sexual organ,@ and overrule appellant=s third point of error. 

            All appellants points of error having been resolved
against him, we affirm the trial courts judgment.

                                    

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not publish.

            








 











[1]
John T. Boyd, Chief Justice
(Ret.), Seventh Court of Appeals, sitting by assignment.