COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN THE MATTER OF M.H.V.-P. | § | No. 08-09-00291-CV |
| | § | Appeal from the |
| | § | 65th District Court |
| | § | of El Paso County, Texas |
| | § | (TC# 05,00253) |
| | § | |

**O P I N I O N**

On September 23, 2009, a jury determined that M.H.V.-P., Appellant, engaged in delinquent conduct by committing the offense of assault, and the trial court placed him on probation until his eighteenth birthday, which occurred approximately six months later on April 4, 2010. In his sole issue on appeal, Appellant contends that the trial court violated his confrontation rights by admitting a witness statement into evidence at the adjudication hearing. For the reasons that follow, we affirm.

**BACKGROUND**

On February 16, 2009, the complainant was at school when Appellant, a much bigger person than he, called him a "faggot" as he walked past Appellant in the school hallway. Appellant started walking behind the complainant and then pushed him. The complainant attempted to keep walking, but Appellant pushed him again. At that point, the complainant turned around and asked what his problem was. Appellant responded that he did not like him and punched the complainant in the face with his fist. The complainant tried to defend himself by pushing Appellant back, but Appellant lifted him from his legs and pushed him down to the floor. Appellant continued to punch the complainant all over his body and stomped on him with his feet, as well. The assault only stopped

when two teachers pushed Appellant away.

L.C., a classmate, witnessed the assault. However, at the time of trial, she did not remember anything about the fight, nor did she remember what she told the school security officer about the assault. At that point, the State sought to introduce L.C.'s written statement based on Rule 804(a)(3), which provides for the admission of hearsay when the declarant cannot remember what occurred. *See* TEX. R. EVID. 804(a)(3). Appellant, however, objected that admission of the statement would violate his rights to confrontation. The trial court overruled the objection, but the parties agreed that only a portion of L.C.'s statement would be admitted. The statement, as admitted, read:

> [Appellant] saw [the complainant] and followed him and started pushing him and hitting [the complainant] out of nowhere. And [the complainant] fell to the floor, so [the complainant] got up and defended himself cause [sic] he was getting hit by [Appellant]. [Appellant] just started to hit [the complainant] and thats [sic] not right.

S.M., the complainant's former girlfriend, did remember the fight. S.M. recalled that she was in class when L.C. entered and told her that Appellant was fighting with the complainant. S.M. then went into the hallway and saw the boys punching each other. When Appellant stopped, S.M. noticed that the complainant's lip was bleeding.

Kelly Harris, a teacher, recalled that she was in her classroom when she heard some girls yelling, "[Appellant], stop." Harris saw Appellant leave her classroom, and when Harris got outside her classroom door, she saw Appellant hitting the complainant. Harris noticed that the complainant tried to push Appellant away, in a defensive manner. But Appellant "flipped" the complainant onto the floor. Despite Harris' instructions to stop hitting the complainant, Appellant continued on, striking the complainant "numerous" times. The assault did not stop until a male teacher, Gerardo Saucedo, was able to pull Appellant off of the complainant.

Saucedo testified that upon leaving his classroom, he recalled seeing Appellant punch the

complainant "over and over again." Saucedo noticed that the complainant had his hands over his head, trying to defend himself. Saucedo then got in the middle of both of them and tried to push Appellant back. When the assault ceased, Appellant tried to leave the school and go home, but Saucedo told him to stay. Saucedo took Appellant into Harris' classroom, and Appellant told him that "they just got in a fight."

Cynthia Britton, another teacher, stepped into the hallway, having heard Harris yell, and saw Appellant "beating" the complainant, who was lying on the floor. Specifically, Britton saw Appellant holding onto the complainant's shirt and "viciously beating him," despite the complainant's attempts to get away. Appellant only stopped when she saw Saucedo pull him off of the complainant. After the assault, Britton followed Appellant and Saucedo into Harris' classroom. There, she asked why he was fighting, and Appellant responded that the complainant "flipped" him off and he was taught to stand up for himself. Britton replied, "Wow, you're a hothead. That caused you to go and beat somebody up? Because he flipped you off?"

Ignacio Estorga, the assistant principal, asked the teachers to provide statements as to what happened. Estorga also spoke with Appellant about the incident, and Appellant told him that he ran after the complainant, after the complainant flipped him off. According to Appellant, the complainant punched him first, and then they started fighting. Rita Rivera, Appellant's mother, recalled seeing a bruise on Appellant's cheek when she went to pick him up from school after the incident occurred.

At trial, Appellant testified in his defense. He claimed that he was inside Harris' classroom talking to L.C. about Jeffrey Starr, a celebrity. As Appellant asked L.C., "Isn't he a faggot," referring to Starr, the complainant walked by. When the boys made eye contact, Appellant stated that "tempers were flaring," and the complainant gave Appellant the finger. Although Appellant knew

that the complainant was not very intimidating – indeed, the complainant was much smaller than him – Appellant left the classroom and asked the complainant, "What's your problem," and the complainant responded that "you're a bitch." Appellant next claimed that the complainant pushed him, so he pushed the complainant back. Appellant then turned to go back into the classroom, but he heard the complainant take a step towards him. When Appellant turned around, he alleged that the complainant punched him on the chin. Thinking the complainant should get what he deserved, Appellant then started fighting with the complainant. Appellant "put" the complainant on the ground, and Appellant fell on top of him. They only stopped fighting when Saucedo separated them. According to Appellant, he simply defended himself.

## DISCUSSION

In his sole issue presented for our review, Appellant contends that the trial court erred by admitting L.C.'s statement into evidence over his Confrontation Clause objection. The State responds that the statement was properly admitted under Rule 804(a)(3), and that in the alternative, if the statement was erroneously admitted, the error was harmless.

### Standard of Review

Generally, we review a trial court's decision to admit evidence under an abuse-of-discretion standard. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Coffin v. State*, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994). And so long as the decision to admit that evidence is within the zone of reasonable disagreement, we will not find an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (op. on reh'g). However, in reviewing a Confrontation Clause objection to the proffered evidence, we review the trial court's legal ruling *de novo*. *Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006).

### Applicable Law

The United States Constitution guarantees an accused, in all federal and state prosecutions, the right "to be confronted with the witnesses against him." U.S. CONST. amends. VI, XIV; *Crawford v. Washington*, 541 U.S. 36, 42, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); *Pointer v. Texas*, 380 U.S. 400, 406, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965) (applying the Sixth Amendment to the states). Confrontation rights are implicated where an out-of-court statement is made by an absent witness and that statement is testimonial in nature. *Crawford*, 541 U.S. at 50-52. Once implicated, such testimonial hearsay is admissible only if (1) the declarant is unavailable and (2) the defendant had a prior opportunity to cross-examine the declarant. *Id*. at 53-54.

*Application*

Initially, we address the State's argument that *Crawford* does not apply in a juvenile adjudication hearing. For support, the State relies on *In re M.P.*, 220 S.W.3d 99, 110 (Tex. App. – Waco 2007, pet. denied). However, the Waco Court of Appeals' decision in *M.P.* concerned the right to confrontation at the disposition phase of the juvenile proceeding, not the adjudication phase. *See id*. The adjudication phase is different from a disposition proceeding or a transfer hearing, as it is the only proceeding at which the juvenile can be acquitted of any alleged wrongdoing. At the adjudication hearing, the juvenile is guaranteed the same constitutional rights as an adult in a criminal proceeding. *See In re Winship*, 397 U.S. 358, 359, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Neither the protections afforded by the Fourteenth Amendment nor the Bill of Rights are limited to just adults. *In re Gault*, 387 U.S. 1, 13, 87 S.Ct. 1428, 18 L.Ed.3d 527 (1967); *State v. C.J.F.*, 183 S.W.3d 841, 847 (Tex. App. – Houston [1st Dist.] 2005, pet. denied) (citations omitted). Indeed, in *Gault*, the United States Supreme Court determined that juveniles are entitled to notice of charges, defense counsel, the privilege against self-incrimination, and confrontation of and cross-examination of witnesses. *In re Gault*, 387 U.S. at 49; *Hidalgo v. State*, 983 S.W.2d 746, 751 (Tex. Crim. App.

1999). Thus, we conclude that *M.P.* is inapposite and hold that *Crawford* applies at the adjudication hearing.

We now turn to the State's second argument, that is, that the trial court did not abuse its discretion in admitting the statement as that admission fell within a firmly rooted hearsay exception, namely, Rule 804(a)(3). That rule provides for the admission of certain hearsay when the declarant testifies to a lack of memory on the subject matter of her statement. *See* TEX. R. EVID. 804(a)(3). However, both the Supreme Court and the Court of Criminal Appeals have made clear that the Confrontation Clause trumps any hearsay exception. Indeed, a "statement is inadmissible absent a showing that the declarant is presently unavailable and the defendant had a prior opportunity for cross-examination, even if the statement 'falls under a "firmly rooted hearsay exception" or bears "particularized guarantees of trustworthiness."'" *Wall*, 184 S.W.3d at 734-35 (quoting *Crawford*, 541 U.S. at 59-60, 68). Thus, even if the statement was admissible under Rule 804(a)(3), an issue we do not reach, we must still decide whether admission violated Appellant's confrontation rights.

In a Confrontation Clause analysis, the threshold question is whether the statement at issue is testimonial or non-testimonial in nature. *Wilson v. State*, 151 S.W.3d 694, 697 (Tex. App. – Fort Worth 2004, pet. ref'd); *see also Crawford*, 541 U.S. at 68-69. A statement is "testimonial" if it is a "solemn declaration" made for the purpose of establishing some fact. *Crawford*, 541 U.S. at 51; *see also Russeau v. State*, 171 S.W.3d 871, 880-81 (Tex. Crim. App. 2005). Without a doubt, statements derived from police interrogations are indisputably testimonial. *See Crawford*, 541 U.S. at 68.

Here, we believe that L.C.'s statement falls into that same category. Indeed, the statement was made to the school security officer, written on a document titled "Student Incident Report," and signed by L.C., acknowledging that the same "is true to the best of my knowledge." It was made for

purposes of determining what happened, and L.C. described the incident in detail, explaining how the fight started, what happened during the fight, and why Appellant attacked the complainant. It was certainly not just a simple notation that Appellant was involved in a fight. Therefore, we conclude that L.C.'s written statement was testimonial. *See Grant v. State*, 218 S.W.3d 225, 232 (Tex. App. – Houston [14th Dist.] 2007, pet. ref'd) (finding written statements made to a school principal for purposes of determining whether a person violated schools rules by engaging in prohibited behavior was testimonial).

Nevertheless, the State argues that the Confrontation Clause was not implicated because L.C. was not absent from trial. Although it is true that L.C. did appear in court and that she was questioned by defense counsel, she did not remember anything that happened that day, nor could she remember what she told the school security officer about the assault. This Court previously found that a witness was absent for purposes of implicating the Confrontation Clause analysis when she testified to a complete memory loss regarding her previous statements, despite appearing at trial and being questioned by defense counsel. *See Woodall v. State*, No. 08-07-00015-CR, 2009 WL 2872837, at *5 (Tex. App. – El Paso Sept. 9, 2009, pet. granted) (op., not designated for publication). However, the Court of Criminal Appeals later reversed that decision, holding that memory loss does not render a witness "absent" for Confrontation Clause purposes post-*Crawford* so long as the witness was present and testifying at the time the prior statement is admitted. *See Woodall v. State*, No. PD-1379-09, — S.W.3d —, 2011 WL 743844, at *8 (Tex. Crim. App. Mar. 2, 2011) (not yet reported). Accordingly, although L.C. could not remember the details of her prior written statement, because she was present and testifying at the time her statement was admitted, she was not "absent" for Confrontation Clause purposes. *Id*. Therefore, despite the testimonial nature of her statement, we hold that the Confrontation Clause was not implicated in this case. *See*

*Crawford*, 514 U.S. at 50-52, 59; *Woodall*, 2011 WL 743844, at *6 (cases stating that to implicate the Confrontation Clause, an out-of-court statement must meet two requirements: (1) that it was made by a witness absent from trial; *and* (2) that it was testimonial in nature).

In short, we find that the trial court did not abuse its discretion by overruling Appellant's Confrontation Clause objection to the admission of L.C.'s written statement. As Appellant does not contend that the statement was inadmissible under Rule 804(a)(3) but for his Confrontation Clause complaint, we will not address that issue. Appellant's sole issue is overruled.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.


GUADALUPE RIVERA, Justice

May 4, 2011

Before Chew, C.J., McClure, and Rivera, JJ.