

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-10-00235-CV**

IN THE MATTER OF J.A.G.

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In four issues, appellant J.A.G. ("Joseph"),[2] a juvenile, appeals the trial court's judgment that he engaged in delinquent conduct by committing aggravated sexual assault of R.G. ("Rebecca"), also a child. We will affirm the trial court's judgment.

---

[1]*See* Tex. R. App. P. 47.4.

[2]We use aliases for the names of the children and their parents throughout this opinion. *See* Tex. R. App. P. 9.8(b)(2).

## Background Facts

Rebecca's mother "Jenny" had been a Big Sister to Joseph's older sister "Samantha" through the Big Brothers and Big Sisters program, and had considered Samantha and Joseph to be a part of her family. Jenny began taking Samantha and Joseph to church with her family in 2004.

In May 2009, Jenny was chaperoning a field trip for Rebecca's kindergarten class. While sitting on a train, Rebecca mentioned to Jenny that when Rebecca had been in the bathroom at church, Joseph followed Rebecca into the bathroom, pulled down his pants, and rubbed his penis against her vagina.

Jenny and her husband filed a report with the Fort Worth police department. They took Rebecca to Cook Children's Medical Center where Araceli Desmaris, a sexual assault nurse examiner, conducted a sexual abuse examination. Desmaris did not find any physical signs of injury, but Rebecca told Desmaris that when she was sitting on the toilet, Joseph had "pulled his wiener out of his pants and he touched her vagina." Rebecca described Joseph's penis as being "tannish and kind of soft." Rebecca said that Joseph had touched her in this way "a lot."

In November 2009, the State filed a petition alleging that Joseph had engaged in indecency with a child and aggravated sexual assault of a child. After a bench trial, the trial court found beyond a reasonable doubt that Joseph had engaged in aggravated sexual assault of a child and adjudicated Joseph

delinquent. The trial court placed Joseph on probation until his eighteenth birthday, ordered him to complete sex offender counseling, and deferred his mandatory sex offender registration. Joseph filed this appeal.

## Discussion

### Right to Confrontation

In his first two issues, Joseph complains that his right to confrontation was violated when the trial court allowed Desmaris, the sexual assault nurse examiner, and Rebecca's mother Jenny to testify as to what Rebecca told them. His only contention at trial and on appeal is that these statements violated his right to confrontation because he lacked an opportunity for cross-examination.

The United States Constitution guarantees an accused the right "to be confronted with the witnesses against him." U.S. Const. amends. VI, XIV; *Crawford v. Washington*, 541 U.S. 36, 42, 124 S. Ct. 1354, 1359 (2004); *Pointer v. Texas*, 380 U.S. 400, 406, 85 S. Ct. 1065, 1069 (1965) (applying the Sixth Amendment to the states); *see In re M.H.V.-P.*, No. 08-09-00291-CV, 2011 WL 1663154, at *3 (Tex. App.—El Paso May 4, 2011, no pet. h.) (holding that *Crawford* applies to juvenile delinquency adjudication hearings); *see also In re Gault*, 387 U.S. 1, 56–57, 87 S. Ct. 1428, 1459 (1967) (holding that juveniles are entitled to the right to cross-examine witnesses). Confrontation rights are implicated when an out-of-court statement is made by an absent witness and that statement is testimonial in nature. *Crawford*, 541 U.S. at 50–52, 124 S. Ct. at 1364. Once implicated, such testimonial hearsay is admissible only if (1) the

3

declarant is unavailable, and (2) the defendant had a prior opportunity to cross-examine the declarant.  *Id*. at 53–54, 124 S. Ct. at 1365.

A juvenile is guaranteed the same constitutional rights in the adjudicatory phase of a juvenile proceeding as an adult in a criminal proceeding.  *In re Winship*, 397 U.S. 358, 359, 90 S. Ct. 1068, 1070 (1970) ("[T]he Due Process Clause does require application during the adjudicatory hearing of 'the essentials of due process and fair treatment.'").  However, confrontation rights are implicated only when an out-of-court statement is made by an absent witness; "[w]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Crawford*, 541 U.S. at 59, n.9, 124 S. Ct. 1354, 1369.  The only statements of which Joseph complains were made by Rebecca, who testified at trial.  Contrary to Joseph's position, he had the opportunity to cross-examine Rebecca at trial regarding the statements she made to Desmaris and her mother.  He chose not to exercise his right to confrontation.  Failure to exercise a right does not mean that that right was violated.  We overrule Joseph's first and second issues.

**Sufficiency of the Evidence**

Joseph's third and fourth issues challenge the legal and factual sufficiency of the evidence.

In his third issue, Joseph contends that the evidence is legally insufficient to prove that Joseph engaged in delinquent conduct.  In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the

4

evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

A person commits aggravated sexual assault if the person intentionally or knowingly causes the sexual organ of a child to contact the sexual organ of another person, including the actor. Tex. Penal Code Ann. § 22.021(a)(B)(iii) (West 2011). In this case, Rebecca testified that while at church, Joseph would go into the bathroom with her and there "he would touch [her] on [her] private parts." She described her private part and Joseph's private part as the part they used "to go pee-pee." She described how Joseph's penis was "hanging down" and that he would "rub it up and down." She also testified that "he would kind of touch our private parts, then he would pull [her] pants up and he would sometimes say it was a secret." *See Karnes v. State*, 873 S.W.2d 92, 96 (Tex. App.—Dallas 1994, no pet.) (noting that testimony of sexual assault victim alone is sufficient to prove assault, even if victim is a child).

Rebecca's testimony at trial was consistent with the testimony given by her mother and the sexual assault nurse examiner. Although there was no physical evidence of abuse, the sexual assault nurse examiner testified that about 85% of the children that she examines have no physical signs. She testified that because two to three months had passed since the last incident, she "didn't expect to find anything." *See Bottenfield v. State*, 77 S.W.3d 349, 356 (Tex.

5

App.—Fort Worth 2002, pet. ref'd) ("A conviction for indecency or sexual assault may be affirmed absent any medical evidence and solely on the testimony of the victim.").

Joseph argues that a videotaped interview with Rebecca, taken at the Alliance for Children and shown at trial, demonstrated that Rebecca was not a credible witness. In the video, she denies that anyone had ever touched her in the church bathroom.[3] At trial, Rebecca testified that she denied it in the video "probably" because the tape was made before Joseph touched her, which we note could not be true. However, it is not the province of the reviewing court to judge the credibility of the evidence; that is a determination for the trial court. *See Karnes*, 873 S.W.2d at 96 (noting that appellant's argument that the victims' testimony was not sufficiently credible was not a complaint of the sufficiency of the evidence). The trial court found Rebecca's testimony credible and we must accept that finding. *Id.* We hold that based on the evidence, the trial court could have concluded beyond a reasonable doubt that Joseph intentionally or knowingly caused Rebecca's sexual organ to contact his sexual organ. We overrule Joseph's third issue.

In his fourth issue, Joseph claims that the evidence is factually insufficient to support the trial court's findings. Although appeals from juvenile court orders

---

[3]We also note that in the video, Rebecca told the interviewer that someone had touched her, that she had told a friend about it, that her friend had laughed at her, and so she "kind of keep[s] it a secret."

6

are generally treated as civil cases, we apply a criminal sufficiency standard of review to sufficiency of the evidence challenges regarding the adjudication phase of juvenile proceedings. *In re M.C.S., Jr.*, 327 S.W.3d 802, 805 (Tex. App.—Fort Worth 2010, no pet.). Because factual sufficiency claims in criminal cases are no longer viable in Texas, *see Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (holding that the legal sufficiency standard articulated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979), is the only standard that a reviewing court should apply in determining whether the evidence is sufficient), we overrule Joseph's fourth issue.

### Conclusion

Having overruled Joseph's four issues on appeal, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED: June 16, 2011