02-10-235-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00235-CV

 

 


 
 
 In the Matter of J.A.G.
 
 
  
 
 
  
 
 
 
 
  
  
  
 
 
 
 
  
 
 
  
 
 
  
 
 


----------

 

FROM THE 323rd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          In
four issues, appellant J.A.G. (“Joseph”),[2]
a juvenile, appeals the trial court’s judgment that he engaged in delinquent
conduct by committing aggravated sexual assault of R.G. (“Rebecca”), also a
child.  We will affirm the trial court’s judgment.

Background
Facts

          Rebecca’s
mother “Jenny” had been a Big Sister to Joseph’s older sister “Samantha”
through the Big Brothers and Big Sisters program, and had considered Samantha
and Joseph to be a part of her family.  Jenny began taking Samantha and Joseph
to church with her family in 2004.

          In
May 2009, Jenny was chaperoning a field trip for Rebecca’s kindergarten class. 
While sitting on a train, Rebecca mentioned to Jenny that when Rebecca had been
in the bathroom at church, Joseph followed Rebecca into the bathroom, pulled
down his pants, and rubbed his penis against her vagina.

          Jenny
and her husband filed a report with the Fort Worth police department.  They
took Rebecca to Cook Children’s Medical Center where Araceli Desmaris, a sexual
assault nurse examiner, conducted a sexual abuse examination.  Desmaris did not
find any physical signs of injury, but Rebecca told Desmaris that when she was
sitting on the toilet, Joseph had “pulled his wiener out of his pants and he
touched her vagina.”  Rebecca described Joseph’s penis as being “tannish and
kind of soft.”  Rebecca said that Joseph had touched her in this way “a lot.”

          In
November 2009, the State filed a petition alleging that Joseph had engaged in
indecency with a child and aggravated sexual assault of a child.  After a bench
trial, the trial court found beyond a reasonable doubt that Joseph had engaged
in aggravated sexual assault of a child and adjudicated Joseph delinquent.  The
trial court placed Joseph on probation until his eighteenth birthday, ordered
him to complete sex offender counseling, and deferred his mandatory sex
offender registration.  Joseph filed this appeal.

Discussion

Right
to Confrontation

          In
his first two issues, Joseph complains that his right to confrontation was
violated when the trial court allowed Desmaris, the sexual assault nurse
examiner, and Rebecca’s mother Jenny to testify as to what Rebecca told them. 
His only contention at trial and on appeal is that these statements violated
his right to confrontation because he lacked an opportunity for
cross-examination.

The
United States Constitution guarantees an accused the right “to be confronted
with the witnesses against him.”  U.S. Const. amends. VI, XIV; Crawford v.
Washington, 541 U.S. 36, 42, 124 S. Ct. 1354, 1359 (2004); Pointer v.
Texas, 380 U.S. 400, 406, 85 S. Ct. 1065, 1069 (1965) (applying the Sixth
Amendment to the states); see In re M.H.V.-P., No. 08-09-00291-CV, 2011
WL 1663154, at *3 (Tex. App.—El Paso May 4, 2011, no pet. h.) (holding that Crawford
applies to juvenile delinquency adjudication hearings); see also In
re Gault, 387 U.S. 1, 56–57, 87 S. Ct. 1428, 1459 (1967) (holding that
juveniles are entitled to the right to cross-examine witnesses).  Confrontation
rights are implicated when an out-of-court statement is made by an absent
witness and that statement is testimonial in nature.  Crawford, 541 U.S.
at 50–52, 124 S. Ct. at 1364.  Once implicated, such testimonial hearsay is
admissible only if (1) the declarant is unavailable, and (2) the defendant had
a prior opportunity to cross-examine the declarant.  Id. at 53–54, 124
S. Ct. at 1365.

          A
juvenile is guaranteed the same constitutional rights in the adjudicatory phase
of a juvenile proceeding as an adult in a criminal proceeding.  In re Winship,
397 U.S. 358, 359, 90 S. Ct. 1068, 1070 (1970) (“[T]he Due Process Clause does
require application during the adjudicatory hearing of ‘the essentials of due
process and fair treatment.’”).  However, confrontation rights are implicated
only when an out-of-court statement is made by an absent witness; “[w]hen the
declarant appears for cross-examination at trial, the Confrontation Clause
places no constraints at all on the use of his prior testimonial statements.”  Crawford,
541 U.S. at 59, n.9, 124 S. Ct. 1354, 1369.  The only statements of which Joseph
complains were made by Rebecca, who testified at trial.  Contrary to Joseph’s
position, he had the opportunity to cross-examine Rebecca at trial regarding the
statements she made to Desmaris and her mother.  He chose not to exercise his right
to confrontation.  Failure to exercise a right does not mean that that right was
violated.  We overrule Joseph’s first and second issues.

Sufficiency
of the Evidence

          Joseph’s
third and fourth issues challenge the legal and factual sufficiency of the
evidence.

In his
third issue, Joseph contends that the evidence is legally insufficient to prove
that Joseph engaged in delinquent conduct.  In our due-process review of the
sufficiency of the evidence to support a conviction, we view all of the
evidence in the light most favorable to the prosecution to determine whether
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772, 778 (Tex.
Crim. App. 2007).

          A
person commits aggravated sexual assault if the person intentionally or
knowingly causes the sexual organ of a child to contact the sexual organ of
another person, including the actor.  Tex. Penal Code Ann. § 22.021(a)(B)(iii) (West
2011).  In this case, Rebecca testified that while at church, Joseph would go
into the bathroom with her and there “he would touch [her] on [her] private
parts.”  She described her private part and Joseph’s private part as the part
they used “to go pee-pee.”  She described how Joseph’s penis was “hanging down”
and that he would “rub it up and down.”  She also testified that “he would kind
of touch our private parts, then he would pull [her] pants up and he would
sometimes say it was a secret.”  See Karnes v. State, 873 S.W.2d
92, 96 (Tex. App.—Dallas 1994, no pet.) (noting that testimony of sexual assault
victim alone is sufficient to prove assault, even if victim is a child).

          Rebecca’s
testimony at trial was consistent with the testimony given by her mother and
the sexual assault nurse examiner.  Although there was no physical evidence of
abuse, the sexual assault nurse examiner testified that about 85% of the children
that she examines have no physical signs.  She testified that because two to
three months had passed since the last incident, she “didn’t expect to find
anything.”  See Bottenfield v. State, 77 S.W.3d 349, 356 (Tex.
App.—Fort Worth 2002, pet. ref’d) (“A conviction for indecency or sexual
assault may be affirmed absent any medical evidence and solely on the testimony
of the victim.”).

          Joseph
argues that a videotaped interview with Rebecca, taken at the Alliance for
Children and shown at trial, demonstrated that Rebecca was not a credible
witness.  In the video, she denies that anyone had ever touched her in the
church bathroom.[3]  At trial, Rebecca
testified that she denied it in the video “probably” because the tape was made
before Joseph touched her, which we note could not be true.  However, it is not
the province of the reviewing court to judge the credibility of the evidence;
that is a determination for the trial court.  See Karnes, 873 S.W.2d at 96
(noting that appellant’s argument that the victims’ testimony was not sufficiently
credible was not a complaint of the sufficiency of the evidence).  The trial
court found Rebecca’s testimony credible and we must accept that finding.  Id. 
We hold that based on the evidence, the trial court could have concluded beyond
a reasonable doubt that Joseph intentionally or knowingly caused Rebecca’s sexual
organ to contact his sexual organ.  We overrule Joseph’s third issue.

In
his fourth issue, Joseph claims that the evidence is factually insufficient to
support the trial court’s findings.  Although appeals from juvenile court
orders are generally treated as civil cases, we apply a criminal sufficiency
standard of review to sufficiency of the evidence challenges regarding the
adjudication phase of juvenile proceedings.  In re M.C.S., Jr., 327
S.W.3d 802, 805 (Tex. App.—Fort Worth 2010, no pet.).  Because factual
sufficiency claims in criminal cases are no longer viable in Texas, see Brooks
v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (holding that the
legal sufficiency standard articulated in Jackson v. Virginia, 443 U.S.
307, 319, 99 S. Ct. 2781, 2789 (1979), is the only standard that a reviewing
court should apply in determining whether the evidence is sufficient), we
overrule Joseph’s fourth issue.

Conclusion

          Having
overruled Joseph’s four issues on appeal, we affirm the trial court’s judgment.

 

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; MEIER and GABRIEL, JJ.

 

DELIVERED:  June 16, 2011









[1]See Tex. R. App. P. 47.4.





[2]We use aliases for the
names of the children and their parents throughout this opinion.  See
Tex. R. App. P. 9.8(b)(2).





[3]We also note that in the
video, Rebecca told the interviewer that someone had touched her, that she had
told a friend about it, that her friend had laughed at her, and so she “kind of
keep[s] it a secret.”