**AFFIRMED and Opinion Filed July 29, 2024**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-23-00097-CR**

**No. 05-23-00098-CR**

_____

**MARTIN ESCOBAR-RIVERA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 439th Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause Nos. 2-22-0610 and 2-22-0613**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Goldstein
Opinion by Justice Molberg

Appellant Martin Escobar-Rivera appeals his convictions for indecency with a child by sexual contact (cause number 2-22-0610) and aggravated sexual assault of a child under fourteen (cause number 2-22-0613). *See* TEX. PENAL CODE §§ 21.11, 22.021. In two issues, he argues (1) the jury charge erroneously allowed the jury to return a non-unanimous verdict in cause number 2-22-0613 and (2) the evidence was legally insufficient to support his convictions. We disagree and affirm the trial court's judgments in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## I. BACKGROUND

By three indictments, Escobar-Rivera was charged with three offenses involving the same alleged victim, "Hazel Scott (pseudonym)."

The indictment in cause number 2-22-0610 charged Escobar-Rivera with indecency with a child by sexual contact, alleging that "on or about the 25th day of June, 2019," Escobar-Rivera "did then and there, with the intent to arouse or gratify [his own] sexual desire . . . intentionally or knowingly engage in sexual contact with Hazel . . . by touching the genitals of the complainant, a child younger than 17 years of age[.]"

The indictments in cause numbers 2-22-0612 and 2-22-0613 both charged Escobar-Rivera with aggravated sexual assault of a child under fourteen but alleged the offense occurred on different dates. Specifically, both indictments alleged Escobar-Rivera did "intentionally and knowingly cause the penetration of the sexual organ of Hazel . . . , a child, who was then and there younger than 14 years of age, by [Escobar-Rivera's] finger," but alleged he did so "on or about the 25th day of June, 2019," in cause number 2-22-0612 and "on or about the 1st day of September, 2019," in cause number 2-22-0613.

All three cases were tried together. The jury found Escobar-Rivera guilty in cause numbers 2-22-0610 and 2-22-0613 but not guilty in cause number 2-22-0612.

The jury then assessed punishment on the two charges for which the jury found him guilty. In accordance with the jury's verdicts, the trial court signed

judgments convicting Escobar-Rivera of indecency with a child by sexual contact and aggravated sexual assault of a child under fourteen and sentenced him to ten years' confinement in cause number 2-22-00610 and sixty years' confinement in cause number 2-22-0613, with the sentences to run concurrently.[1] The trial court certified Escobar-Rivera's right to appeal, and he timely appealed.

## II. ISSUES & ANALYSIS

On appeal, Escobar-Rivera argues (1) the jury charge erroneously allowed the jury to return a non-unanimous verdict in cause number 2-22-0613 and (2) the evidence was legally insufficient to support his convictions in both causes.

### A. Evidentiary Sufficiency

We begin with Escobar-Rivera's second issue. We do so because, if we find the evidence legally insufficient to support either of his convictions, we must reverse and render a judgment of acquittal on the offense for which legally insufficient evidence exists.[2]

Escobar-Rivera argues that, reviewing all the evidence in the light most favorable to the verdict, a rational trier of fact could not have found the essential elements of the crimes beyond a reasonable doubt, considering what he describes as

---

[1] Both judgments ordered confinement in the Texas Department of Criminal Justice.

[2] *See Burks v. United States*, 437 U.S. 1, 18 (1978) ("Since . . . the Double Jeopardy Clause precludes a second trial once a reviewing court has found evidence legally insufficient, the only 'just' remedy available for that court is the direction of a judgment of acquittal."); *Winfrey v. State*, 393 S.W.3d 763, 774 (Tex. Crim. App. 2013) (after concluding evidence was insufficient, court reversed judgment of the court of appeals, rendered judgment of acquittal, and cited *Burks* as requiring the remedy of appellate acquittal on grounds of evidentiary sufficiency).

inconsistencies in the evidence.  The State, in contrast, argues we may conclude the evidence was sufficient based on Hazel's testimony alone.

We agree with the State.  "A child victim's testimony alone is sufficient to support a conviction for aggravated sexual assault of a child or indecency with a child."  *Keller v. State*, 604 S.W.3d 214, 226 (Tex. App.—Dallas 2020, pet. ref'd) (citations omitted); *see* TEX. CODE CRIM. PROC. art. 38.07.[3]

In assessing the sufficiency of the evidence to support a criminal conviction, we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979) ("The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) ("As the Court with final appellate jurisdiction in this State, we decide that the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining

---

[3] Article 38.07(a) states, "A conviction under Chapter 21 . . . or Section 22.021, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense is alleged to have occurred."  TEX. CODE CRIM. PROC. art. 38.07(a).  The requirement that the victim inform another person of an alleged offense does not apply if at the time of the alleged offense the victim was a person 17 years of age or younger.  *Id*. art. 38.07(b)(1).

whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt.") We measure the evidence by the elements of the offense as defined by the hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge is "one that accurately sets out the law, is authorized by the [charging instrument], does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*. at 240.

This standard recognizes the trier of fact as the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence, and on review, we determine whether the necessary inferences made by the trier of fact are reasonable, based upon the cumulative force of all of the evidence. *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011); *see Martin v. State*, 635 S.W.3d 672, 679 (Tex. Crim. App. 2021) ("A reviewing court must 'defer to the jury's credibility and weight determinations because the jury is the sole judge of witnesses' credibility and the weight to be given testimony.'") (quoting *Garcia v. State*, 367 S.W.3d 683, 687 (Tex. Crim. App. 2012)). We presume that the factfinder resolved any conflicting inferences in favor of the verdict; we defer to that resolution, and we may not reevaluate the weight and credibility of the evidence in the record and thereby substitute our own judgment for that of the factfinder. *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018); *Murray v. State*,

457 S.W.3d 446, 448–49 (Tex. Crim. App. 2015). Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous. *Evans v. State*, 202 S.W.3d 158, 163 (Tex. Crim. App. 2006).

We are guided by several additional principles when reviewing a sufficiency-of-the-evidence challenge in a case involving a child's testimony. A child may testify using language appropriate for her age to describe the sexual assault, including the element of penetration. *Karnes v. State*, 873 S.W.2d 92, 96 (Tex. App.—Dallas 1994, no pet.) (citing *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990)). We keep in mind a child's lack of technical knowledge in accurately describing the parts of the body when reviewing the child's testimony. *Id*. The child need not directly and explicitly testify as to contact or penetration with the same clarity and ability of an adult witness to prove these facts beyond a reasonable doubt. *See Villalon*, 791 S.W.2d at 133–35. And we do not sit as a thirteenth juror to evaluate the weight to be given a witness's testimony based on her use of unsophisticated language or limited vocabulary. *Karnes*, 873 S.W.2d at 96 (citing *Villalon*, 791 S.W.2d at 134).

Under Texas Penal Code § 21.11(a)(1), a person commits an offense "if, with a child younger than 17 years of age . . . the person . . . engages in sexual contact with the child or causes the child to engage in sexual contact[.]" TEX. PENAL CODE § 21.11(a)(1). In section 21.11, "if committed with the intent to arouse or gratify the sexual desire of any person," "sexual contact" includes "any touching by a person,

including touching through clothing, of . . . any part of the genitals of a child." *Id.* § 21.11(c)(1). In a prosecution under § 21.11(a)(1), the finder of fact can infer the requisite intent to arouse or gratify sexual desire from a defendant's conduct, remarks, and all the surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981); *see Keller*, 604 S.W.3d at 226 (stating such an inference can be made "[i]n the context of indecency with a child"). No oral expression of intent or visible evidence of sexual arousal is necessary. *Keller*, 604 S.W.3d at 226 (citations omitted).

Under Texas Penal Code § 22.021, a person commits aggravated sexual assault of a child if he intentionally or knowingly causes the penetration of the sexual organ of a child younger than fourteen years of age by any means. *Id.* § 22.021(a)(1)(B)(i), (a)(2)(B); *Manzanarez v. State*, No. 05-22-00671-CR, 2024 WL 260481, at *2 (Tex. App.—Dallas Jan. 24, 2024, no pet.) (mem. op., not designated for publication). As we stated in *Manzanarez*, *see id.*:

> The Penal Code does not define the term "penetration." Words not specially defined by the legislature are to be understood as ordinary usage allows, and jurors may thus freely read statutory language to have any meaning which is acceptable in common parlance. *Vernon v. State*, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992).
>
> In common parlance, mere contact with the outside of an object does not amount to a penetration of it. *Id.* However, "pushing aside and reaching beneath a natural fold of skin into an area of the body not usually exposed to view, even in nakedness, is a significant intrusion beyond mere external contact." *Id.* The statute does not require vaginal penetration. *Id.* Instead, penetration occurs so long as contact with the female sexual organ "could reasonably be regarded by ordinary English speakers as more intrusive than contact with outer vaginal lips."

*Carmond v. State*, No. 05-16-01316-CR, 2018 WL 3135098, at *1 (Tex. App.—Dallas June 27, 2018, no pet.) (mem. op., not designated for publication) (quoting *Vernon*, 841 S.W.2d at 409-10); *Karnes*, 873 S.W.2d at 96 ("Touching beneath the fold of the external genitalia amounts to penetration within the meaning of the aggravated sexual assault statute.").

Nine witnesses testified at trial, including Hazel, who was fourteen years of age at the time she testified. Through her testimony and her markings on State's exhibit 1, she conveyed to the jury that she was under fourteen years of age during both the first and last times Escobar-Rivera touched her "privates," an area she described as what she uses to pee. Specifically, she testified she was eleven when Escobar-Rivera first touched her privates and was twelve when he last did so. She estimated he touched her privates "less than ten" times but said "I don't know" and "I don't remember" when asked how many times in total he did that.

She recalled for the jury three specific times Escobar-Rivera touched her privates—one on a bunk bed, another on a couch, and another on her mother's bed. First, she testified Escobar-Rivera laid by her on the bottom bunk of the bunk bed, started kissing on her, then "moved his hand toward my private part and started rubbing" over her clothes, and not inside her.

Second, she testified that while she and Escobar-Rivera were on a couch in the living room, he put a blanket over the two of them and then started rubbing her private area, under her clothes. She testified this was the first time she remembered Escobar-Rivera "going inside of" her, and she described his fingers as "[r]ubbing in between the, like, that inside kind of."

–8–

Third, when describing the incident on her mother's bed, she testified:

We were in my mom's room and, again, we were watching a movie. And we were both laying on the bed – on the bed. I was on the left side, and he was on the right. And he just, like, he turned over to me, like, got closer to me, and then he started rubbing my private area again, and he – it was under the clothes again, and this time he took off his pants too. And he, like, put my hand on his private area, and then he just started maybe touching it, rubbing it.

After that testimony, the following exchange occurred:

[PROSECUTOR]: Okay. How – when he was touching you under – under your clothes that time, what – what was his hand doing or how was he touching you?

[COMPLAINANT]: I don't know how to explain it.

[PROSECUTOR]: What were his fingers doing?

[COMPLAINANT]: Rubbing my private part.

[PROSECUTOR]: Okay. Were they inside of you?

[COMPLAINANT]: A little bit, yeah.

[PROSECUTOR]: You know, a – a girl's body has different parts, and sometimes people may call two of the parts, like, two – two lips or two folds. Was he rubbing between those?

[COMPLAINANT]: Ah, yeah.

Considering the evidence in the light most favorable to the verdict, we conclude a rational juror could have reasonably found beyond a reasonable doubt that Escobar-Rivera committed the offense of indecency with a child by sexual contact and aggravated sexual assault of a child under fourteen. *See* TEX. PENAL CODE §§ 21.11(a)(1), 22.021(a)(1)(B)(i), (a)(2)(B); *see also* TEX. CODE CRIM. PROC.

art. 38.07; *Keller*, 604 S.W.3d at 226; *Manzanarez*, 2024 WL 260481, at *3–4.[4]

Thus, we hold legally sufficient proof supports Escobar-Rivera's convictions. *See Jackson*, 443 U.S. at 319; *Hooper*, 214 S.W.3d at 13; *Brooks*, 323 S.W.3d at 912; *Manzanarez*, 2024 WL 260481, at *3–4. We overrule his second issue.

## B.    Alleged Charge Error

Next, we consider Escobar-Rivera's first issue, in which he argues the jury charge erroneously allowed the jury to return a non-unanimous verdict. Specifically, he argues:

> The two indictments in these cases for the same criminal offense[5] raise the issue of whether the jury charge properly required a unanimous jury finding of guilt or instead permitted a finding of guilt on less than a unanimous jury vote. To preclude a jury finding of guilt on less than a unanimous vote, the jury instructions should have had precautionary instructions which the charge did not have. The result is that no review can be certain that the jury unanimously agreed on a single offense to convict.

Escobar-Rivera does not describe what precautionary instructions should have been given in his view, and he did not object to the charge, as reflected in the following exchange:

---

[4] In reaching this conclusion, we are unpersuaded by Escobar-Rivera's reliance on *Prestiano v. State*, 581 S.W.3d 935 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd) (op. on rehr'g), as we find the evidence in that case distinguishable. In *Prestiano*, when asked, "So, did his private part touch your mouth? Did it ever go inside of your mouth?" the complainant answered, "I think it just touched it a little bit." *Id*. at 941. And when asked, "His private part touched your mouth?" the complainant answered, "Yes, I think." *Id*. The court concluded the child's testimony could not support a finding of penetration because, on that record, a factfinder could do no more than speculate as to whether penetration or mere contact occurred. *Id*. at 942 ("Viewed in the context of these questions distinguishing between touching the mouth and placement inside of the mouth, the child's testimony . . . cannot support a finding of penetration."). No such speculation is required here.

[5] By this first sentence, we understand Escobar-Rivera to be referring to the charges in cause numbers 2-22-0612 and 2-22-0613.

–10–

THE COURT [outside the presence of the jury]: All right. And I've also given you both an opportunity to review the three charges for the jury in these three cause numbers. So any objections from the State?

[PROSECUTOR]: No, Your Honor.

THE COURT: Any objections from the defense?

[DEFENSE COUNSEL]: No, Your Honor.

In response to Escobar-Rivera's first issue, the State argues no charge error occurred, because the trial court provided the jury with three separate charges, application paragraphs, verdict forms, unanimity instructions,[6] and the following specific instruction:

[TRIAL COURT]: [T]here are three cases, and so there are three separate Charges of the Court, and you will need to deliberate on each of those charges separately.

So to be very clear, this is not a deliberation when you come time to have your vote, of voting of all three together, they all have to be distinctly separate and filled out separate. And because of that, I know it has some redundant language, but I will have to read all three charges to you separately, and at this time I will do that.

We agree with the State that no charge error regarding jury unanimity exists in the record before us. Under the Texas Constitution, a jury verdict in a felony case is required to be unanimous, and under our state statutes, unanimity is required in all criminal cases. *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005). Unanimity in this context means that each and every juror agrees that the defendant committed the same, single, specific criminal act. *Id*. "The principle justification

---

[6] Each charge stated, "Your verdict must be unanimous."

for the unanimity requirement is that it ensures that each juror is convinced beyond a reasonable doubt that the prosecution has proved each essential element of the offense." *Jefferson v. State*, 189 S.W.3d 305, 311 (Tex. Crim. App. 2006) (internal quotations and citations omitted). Thus, while jury unanimity is required on the essential elements of the offense, when the statute in question establishes different modes or means by which the offense may be committed, unanimity is generally not required on the alternate modes or means of commission. *Id*.

Moreover, even if error occurred, Escobar-Rivera has failed to show such error constituted egregious harm. "An egregious harm determination must be based on a finding of actual rather than theoretical harm." *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011). Actual harm is established when the erroneous jury instruction affected "the very basis of the case," "deprive[d] the defendant of a valuable right," or "vitally affect[ed] a defensive theory." *Id*.

To determine whether an appellant was egregiously harmed by an erroneous jury instruction, an appellate court should examine four factors: (1) the entire jury charge; (2) the state of the evidence, including contested issues and the weight of the probative evidence; (3) the parties' arguments; and (4) all other relevant information in the record. *Arrington v. State*, 451 S.W.3d 834, 840 (Tex. Crim. App. 2015). This analysis is fact specific and is done on a "case-by-case basis." *Gelinas v. State*, 398 S.W.3d 703, 710 (Tex. Crim. App. 2013).

Escobar-Rivera has cited no case similar to this one demonstrating that charge error occurred regarding jury unanimity, and the cases he does cite are distinguishable, as none involved separate charges with separate verdict forms, application paragraphs and unanimity instructions or the specific instruction the trial court provided here.

Finally, even if we assume charge error occurred, Escobar-Rivera has not shown he was egregiously harmed, considering the entire jury charge, state of the evidence, parties' arguments, and other relevant information in the record. *See Arrington*, 451 S.W.3d at 840 (listing factors to consider).

We overrule Escobar-Rivera's first issue.

### III. CONCLUSION

We affirm the trial court's judgments.

/Ken Molberg/
KEN MOLBERG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230097F.U05

−13−



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MARTIN ESCOBAR-RIVERA, Appellant

No. 05-23-00097-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 439th Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 2-22-0610. Opinion delivered by Justice Molberg. Justices Pedersen, III and Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 29th day of July, 2024.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MARTIN ESCOBAR-RIVERA, Appellant

No. 05-23-00098-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 439th Judicial District Court, Rockwall County, Texas

Trial Court Cause No. 2-22-0613. Opinion delivered by Justice Molberg. Justices Pedersen, III and Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 29th day of July, 2024.